UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD K. INGLIS, as Special
Trustee to the trust under the will of
Rosa B. Schweiker, dated February 2,
1961, the Frederick W. Berlinger
Revocable Deed of Trust, dated
10/17/1991, as amended and restated.

     Plaintiff,

v.                                Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

     Defendant.

## ORDER

Before the Court is Defendant Wells Fargo Bank N.A.'s Motion to Stay All Discovery Pending Court's Ruling on its Pending Motion to Dismiss (Doc. 28), filed on April 8, 2015. Plaintiff filed its response in opposition on April 9, 2015. Doc. 32. Defendant requests to stay discovery of this matter pending a ruling by the Court on its Motion to Dismiss (Doc. 8), which asserts *res judicata* and Plaintiff's failure to state a claim.

The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1983). "Therefore, neither the parties nor the court have

any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). However, *Chadsuma* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Defendant argues that it would be a waste of judicial and party resources to conduct discovery at this juncture because if Defendant's Motion to Dismiss is granted, it will extinguish the entire action. Doc. 28 at 4. Because the pending Motion to Dismiss challenges the legal sufficiency of the complaint, the Court will stay discovery until the resolution of the Motion to Dismiss. Moreover, discovery is premature at this time as the parties have not conducted their case management conference or submitted their Case Management Report to the Court.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Wells Fargo Bank N.A.'s Motion to Stay All Discovery Pending Court's Ruling on its Pending Motion to Dismiss (Doc. 28) is **GRANTED**. All discovery is **STAYED** pending the Court's ruling on Defendant's Motion to Dismiss (Doc. 8).

2. The parties will have fourteen (14) days from the date of the Court's Order on the Motion to Dismiss to meet for the case management conference. At that time, the parties may agree on a deadline for Defendant to respond to Plaintiff's Request for Production, Interrogatories, and Request for Admissions.

3. The parties will have fourteen (14) days from the date of the case management conference to file their Case Management Report with the Court.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of May, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record