UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD K. INGLIS, as Special Trustee to the trust under the will of Rosa B. Schweiker, the Frederick W. Berlinger Revocable Deed of Trust, as amended and restated,

    Plaintiff,

v.                                    Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #8) filed on November 19, 2014. Plaintiff filed a Response in Opposition (Doc. #17) on January 2, 2015. For the reasons stated below, the motion is denied.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. (citation omitted). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010)(same). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citation omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

This case involves three family trusts: the Rosa B. Schweiker Trust, the Frederick W. Berlinger Trust, and the Rose S. Berlinger Trust (the Berlinger Trusts). (Doc. #1-1.) Defendant Wells Fargo N.A. (Wells Fargo) is a former corporate co-trustee of the Trusts. (Id.) Plaintiff Richard K. Inglis is a state-court-appointed Special Trustee of the Berlinger Trusts (the Special Trustee). (Id. ¶ 5.) Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger are beneficiaries to the Berlinger Trusts (the Beneficiaries).

In a 2011 case filed in the Fort Myers Division of the Middle District of Florida, Case Number 2:11-cv-00459 (the 2011 Case), the Beneficiaries of the Berlinger Trusts alleged claims against Wells Fargo as former co-trustee of the Berlinger Trusts. Their Second Amended Complaint (Doc. #93) included a claim for civil theft against Wells Fargo (Count III), asserting the same essential facts which are alleged in the current case. On September 9, 2014, the Court granted Wells Fargo motion to dismiss the civil theft claim, finding the Beneficiaries did not have standing to bring the civil theft claim and that the count failed to state a claim. The dismissal was specifically stated to be "without prejudice." (Case No. 2:11-cv-459, Doc. #220.) The Special Trustee was not a party to the 2011 case. On October 3, 2014, Wells Fargo filed an Answer and Affirmative Defenses to the Second Amended Complaint

3

(Doc. #240.) The Beneficiaries thereafter sought to file a Third Amended Complaint, which did not include a civil theft claim, but that motion was denied (Doc. #357.)

On October 15, 2014, the Special Trustee filed a one-count civil theft Complaint (Doc. #1-1) against Wells Fargo in state court in Palm Beach County, Florida. That case was removed by Wells Fargo to the United States District Court for the Southern District of Florida, which subsequently transferred it to the Middle District of Florida.

In this current case, plaintiff Special Trustee alleges that on or about August 8, 2011, the Berlinger Trusts' assets had a value of $6,464,723.96. Plaintiff asserts that on or about that date Wells Fargo was removed as corporate trustee of the Berlinger Trusts and the "Office of Trustee" requested Wells Fargo transfer the trust assets to a new trustee. (Id. ¶ 17.) Plaintiff alleges the Office of Trustee was entitled to immediate possession of the trust assets, and yet fifty (50) days passed with no transfer of the trust assets. (Id. ¶¶ 18-19.) During the fifty (50) day period, the Office of Trustee attempted to contact Wells Fargo regarding the location of the trust assets, but Wells Fargo never responded. (Id. ¶ 22.) Plaintiff asserts Wells Fargo intentionally retained and failed to transfer the trust assets and intentionally concealed the location of the trust assets. (Id. ¶¶ 20-23.) Plaintiff further asserts that by delaying the transfer

of trust assets, Wells Fargo received management fees and prevented the trustee from exercising any action within his power. (Id. ¶ 30; Doc. #17, p. 4.) The Office of Trustee provided a pre-suit notice pursuant to Fla. Stat. § 722.11 on September 27, 2011, but Wells Fargo failed to return the Berlinger Trusts' assets by November 2, 2011. The Special Trustee asserts that Wells Fargo had the felonious intent to steal the Berlinger Trusts' assets by temporarily depriving the Office of Trustee of the right to and benefit of the trust assets, causing actual damages of $6,464,723.96, treble damages in the amount of $19,394,171.88, and reasonable attorney fees and costs.

### III.

Wells Fargo argues the case should be dismissed because the civil theft claim is barred by *res judicata* and, in any event, the Complaint fails to state a cause of action for civil theft. (Doc. #8.) The Court addresses each argument in turn.

**(a) Res Judicata**

Wells Fargo asserts that the Special Trustee's Complaint should be dismissed based on *res judicata* because it is based on the same facts as the 2011 Case and brought by a party in privity with the 2011 Case plaintiffs. (Doc. #8, ¶ 4.) The Eleventh Circuit has recently summarized its *res judicata* principles:

> The party asserting res judicata bears the burden of showing that the later-filed suit is barred. For a prior judgment to bar a

5

> subsequent action under the doctrine of res judicata, the following requirements must be met: (1) the prior judgment must have been a final judgment on the merits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

Batchelor-Robjohns v. United States, 788 F.3d 1280, 1285 (11th Cir. 2015)(internal citation omitted). While *res judicata* is normally an affirmative defense, a party may raise the defense by motion to dismiss where the defense can be judged on the face of the complaint and documents of which the court may take judicial notice. Concordia v. Bendekovic, 693 F.2d 1073, 1075 (11th Cir. 1982).

The Court finds that there was no final judgment on the merits in the 2011 Case as to the civil theft claim against Wells Fargo. The Court found the Beneficiaries had no standing to bring such a claim because it was the duty of the trustee, not the beneficiaries, to protect trust assets and enforce claims of the trust. (Doc. #220, p. 7.) The Court also found the beneficiaries did not have a vested immediate right to possession of trust assets, and noted that "[i]f there is a cause of action, it is for the new trustee, not discretionary beneficiaries." (Id.) A lack of standing is a jurisdictional decision, not a merits determination. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th Cir. 2003).

6

Additionally, the dismissal was specifically without prejudice. "The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001). The dismissal for lack of standing and failure to satisfy the pleading standard is clearly not a judgment on the merits. Semtek, 531 U.S. at 502. Additionally, "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect." Id. at 503. While the Beneficiaries may now be precluded from filing the civil theft claim against Wells Fargo, a preclusion from filing based on procedural rules is not the same as an adjudication on the merits. The 2011 Case made no final decision as to a civil theft claim against Wells Fargo by the Beneficiaries.

Even if the dismissal of the 2011 Case did operate as a final judgment as to the Beneficiaries, Wells Fargo has not shown a preclusive effect as to the Special Trustee. The general rule is that "one is not bound by a judgment in *personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Taylor v. Sturgell, 553 U.S. 880, 893 (2008) (citations omitted). The Special Trustee was not a party to the 2011 Case. While there are exceptions to the general rule, Taylor, 553 U.S. at 893-94, nothing in the Complaint

7

establishes the applicability of any of the exceptions. Accordingly, the Court finds defendant has not established that the doctrine of *res judicata* justifies dismissal.

**(b) Failure to State a Claim**

Wells Fargo also asserts that plaintiff has failed to allege all of the necessary elements for a claim for civil theft. To state a claim for civil theft under Florida law, plaintiff must allege an injury resulting from Wells Fargo's violation of the criminal theft statute, Fla. Stat. § 812.014. To do this, plaintiff must allege that Wells Fargo (1) knowingly (2) obtained or used, or endeavored to obtain or use, plaintiff's property with (3) felonious intent (4) either temporarily or permanently to (a) deprive plaintiff of its right to or a benefit from the property or (b) appropriate the property to Wells Fargo's own use or to the use of any person not entitled to the property. Fla. Stat. §§ 772.11 (providing civil remedy for theft or exploitation), 812.014(1) (criminal theft statute); United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009); see Almeida v. Amazon.com, Inc., 456 F.3d 1316, 1326–27 (11th Cir. 2006); Gersh v. Cofman, 769 So. 2d 407, 409 (Fla. 4th DCA 2000) ("In order to establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent."). "Under Florida law, a plaintiff in an action for conversion or civil theft must establish possession or an immediate right to possession of the

converted property at the time of the conversion." <u>United States v. Bailey</u>, 419 F.3d 1208, 1212 (11th Cir. 2005).

Wells Fargo argues that plaintiff has failed to sufficiently allege felonious intent (Doc. #8, 13-14); that Wells Fargo had authorization to hold trust assets until it was commercially reasonable to transfer the assets (<u>Id.</u>); that the demand letter sent by the Beneficiaries makes clear that everyone knew the location of the trust assets and the status of the transfer of those assets (<u>Id.</u>); and that Florida's Trust Code allows a former trustee a reasonable time to transfer trust assets. (<u>Id.</u> at 16-18.)  The Court finds that the Complaint alleges sufficient facts to plausibly state a claim of civil theft for some period of time resulting in some amount of damages.  No more is required at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #8) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record