## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RICHARD K. INGLIS, as Special
Trustee to the trust under the will of
Rosa B. Schweiker, dated February 2,
1961, the Frederick W. Berlinger
Revocable Deed of Trust, dated
10/17/1991, as amended and restated.

      Plaintiff,

v.                         Case No:  2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

      Defendant.

_____

### ORDER

Before the Court are Plaintiff's Motion to Modify Subpoena Directed to ING Financial Holdings ("ING") "To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (Doc. 39), Plaintiff's Motion to Modify Subpoena Directed to Suntrust Bank ("SunTrust") "To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (Doc. 40), and Plaintiff's Motion to Modify Subpoena Directed to Reliance Trust Company of Delaware, Successor to ING National Trust ("Reliance") "To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (Doc. 43).   Defendant responded in opposition.   Docs. 45, 46, 47.[1]   For the reasons set forth below, the motions are denied.

_____
[1] Defendant's Response in Opposition to Plaintiff's Motion to Modify Directed to ING also incorporates its response to Plaintiff's Motion to Modify directed to Reliance. Doc. 47 at

Also before the Court are Plaintiff's Motion to Seal Doc. 77-1 (Doc. 76), Plaintiff's Motion for Sanctions for Violating Rule 45(e)(2)(B), Fed. R. Civ. P. (Doc. 77) and Plaintiff's Motion to Seal Doc. 77-1 (Doc. 78).   Plaintiff's Motion to Seal Doc. 77-1 (Doc. 76) is denied as moot, as Plaintiff's subsequent motion to seal is identical, with the exception of the 3.01(g) certification.   For the reasons set forth below, Plaintiff's Motion for Sanctions is taken under advisement, and Plaintiff's Motion to Seal Doc. 77-1 (Doc. 78) is granted.

## I.    Background

On November 5, 2014, this case was removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida.   Doc. 1.   The case later was transferred to this Court on November 21, 2014.   Doc. 13.

Plaintiff is the Special Trustee of the Berlinger Trusts pursuant to the Orders of the Probate Court of Collier County, Florida.   Doc. 1-1 at 5.   Plaintiff brought this action alleging civil theft pursuant to Florida Statutes § 772.11.   *Id.*   Plaintiff alleges that Defendant caused injury to the Berlinger Trusts while engaged in trust administration during the transfer of assets to the successor trustee.   *Id.*   Plaintiff alleges that on or about August 8, 2011, the Berlinger Trusts' assets had a value of $6,464,723.96, and Defendant held the assets in trust fund accounts as part of the portfolio for the Berlinger Trusts.   *Id.* at 6.   Plaintiff further alleges that on or about

---

1. Defendant states that its subpoena to ING was reissued to Reliance, as successor to ING. *Id.*   Accordingly, the Court will reference the entities as "ING/Reliance," as Defendant has done in its brief, when addressing the parties' arguments.

August 8, 2011, the Office of the Trustee requested that Defendant transfer the trust assets in its possession to the successor trustee. *Id.* at 6-7. Plaintiff contends that the Office of the Trust was entitled to immediate possession of the trust assets of the Berlinger Trusts held by Defendant. *Id.* at 6. Plaintiff states that fifty days passed with no indication that Defendant was going to transfer the trust assets. *Id.*

It is Plaintiff's position that Defendant intentionally failed to transfer the $6,464,723.96 to the successor trustee. *Id.* at 7. Plaintiff alleges that the Office of the Trustee made numerous inquiries as to the location of the trust assets, but Defendant never responded to the inquiries. *Id.* Moreover, Plaintiff argues that Defendant intentionally concealed the location of the trust assets by refusing to communicate with the Office of the Trustee, the beneficiaries to the Berlinger Trusts, and their agents regarding the transfer in trust assets after Defendant was removed from its position as corporate trustee. *Id.* Additionally, Plaintiff alleges that the Office of the Trustee had an immediate right of possession of the trust assets, and was wrongfully deprived of that right when Defendant failed to transfer the assets. *Id.* By failing to transfer the assets, Plaintiff argues that the Office of the Trustee could not make decisions regarding the distribution; could not make payments from the Berlinger Trusts; and could not exercise his fiduciary duty since he could not monitor the trust funds. *Id.* Furthermore, Plaintiff alleges that by not transferring the assets upon the August 8, 2011 request and the pre-suit notice, Defendant intentionally used the trust assets for purposes other than directed as Defendant received management fees calculated from the $6,464,723.96.

## II.    Analysis

Defendant issued subpoenas to ING, Reliance and SunTrust seeking financial records.    *See* Docs. 39, 40, 43.    Defendant specifically requested all bank statements, all deposits made into any and all accounts, all documentation regarding any incoming and outgoing transaction with regard to any and all accounts held by ING/Reliance or SunTrust as to the Rose S. Berlinger GST Trust, Rosa B. Schweiker Trust, Frederick Berlinger Martial Trust, and Frederick Berlinger Family Trust from January 1, 2011 through December 31, 2011.    Docs. 39 at 2; 40 at 2; 43 at 2. Defendant also requested correspondence and notes related to communications between ING/Reliance or SunTrust and Defendant, ING/Reliance and SunTrust Bank, and ING/Reliance or SunTrust and Bruce Berlinger, Stacey Berlinger a/k/a Stacey O'Connor, Brian Berlinger and Heather Berlinger regarding the Berlinger Trust accounts from January 1, 2011 through December 31, 2011.    *Id.*

Plaintiff objects to the entire subpoena directed to ING/Reliance.    Docs. 39 at 3, 43 at 3.    Plaintiff also objects to the financial records requested in parts A, B, and C of the subpoena directed to Suntrust.    Doc. 40 at 2.    Plaintiff alleges that the information requested is protected by the financial privilege and also is irrelevant, and therefore, not discoverable.    Docs. 39 at 3, 40 at 2, 43 at 3.    Plaintiff, however, does not object to the request directed to SunTrust for correspondence and notes related to communications between SunTrust and Defendant, ING/Reliance and SunTrust, and SunTrust and the beneficiaries.    Doc. 40 at 2.

First, however, the Court must address Plaintiff's standing to quash a subpoena issued to a third party.   Pursuant to Rule 45, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).   Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed."   *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979).[2]   *See also Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) ("Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the [discovery] being sought.").

District courts differ on whether parties have a personal right or privilege in their financial records sufficient to confer standing to challenge a third-party subpoena.   *Clayton Brokerage Co., Inc. v. Clement*, 87 F.R.D. 569 (D. Md. 1980) (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked standing to challenge the subpoena issued to the bank); *United States v.*

---

[2] In *Bonner v. City of Richard*, 661 F.2d 1206, 1207, 1209 (11th Cir.)(en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

*Gordon*, 247 F.R.D. 509, 510 (E. D. N. C. 2007) ("Typically, a party has no standing to challenge a subpoena issued to his or her bank seeking discovery of financial records because bank records are the business records of the bank in which the party has no personal right"); *Caroline Materials v. Continental Casualty Co.*, No. 3:08-cv-158-RJC, 2009 WL 4611519, at *3 (W. D. N. C. Dec. 1, 2009) (finding plaintiff lacked standing to file a motion to quash the subpoenas issued to third-party banks because "[p]laintiff has not asserted that it has a personal right to, or privilege in, the information sought in the subpoenas."). *But see Terwillegar v. Offshore Energy Srvs.*, Inc., No. 07-01376, 2008 WL 2277879, at *2 (E. D. La. 2008) (finding a person to whom a subpoena was not directed had standing to challenge the subpoena because "she has a personal right regarding information that is in the possession of [her banks]."); *Manusco v. Florida Metropolitan University, Inc.*, No. 09–61984–CIV, 2011 WL 310726, at *1 (S. D. Fla Jan. 28, 2011) (in an FLSA case, plaintiff had standing to challenge a subpoena directed to his bank); *Keybank Nat'l Ass'n v. Perkins Rowe, L.L.C.*, No. 09-497-JJB-SR, 2011 WL 90108 (M.D. La. Jan. 11, 2011) (holding that a party had standing to challenge a subpoena to the party's bank seeking bank records and check logs).

A majority of district courts in the Middle District of Florida, however, have held that a party seeking to quash a subpoena aimed at a party's financial records does not have standing to move to quash the subpoena under Rule 45 because the party has no expectation of privacy in the business transactions with other corporations. *Auto-Owners Ins. Co. v. Southeast Floating Docs, Inc.*, 231 F.R.D. 426,

429 (M.D. Fla. Sep. 28, 2005); *see also Cornett v. Lender Processing Services Inc.*, No. 3:12-cv-233-J-32TEM, 2012 WL 5305990, at \*2, n. 3 (M.D. Fla. Oct. 29, 2012).

Conversely, Florida courts have recognized a right of privacy in financial records under Article I, Section 23 of the Florida Constitution.   *See Rowe v. Rodriguez-Schmidt*, 89 So.3d 1101 (Fla. 2d. Dist. Ct. App. 2012) (stating that personal finances are private matters and kept secret by most people).   As noted by Plaintiff, "the trial court can consider the constitutional rights of third parties who would be substantially affected by the outcome of litigation."   *Alterra Healthcare Corp. v. Estate of Shelley*, 827 So.2d 936, 945 (Fla. 2002).

While the Court recognizes that this district and the Florida courts differ in how each recognizes the personal right to privacy related to financial records, because this Court only has jurisdiction based on diversity of citizenship, state substantive law applies.   *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (stating "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").   Moreover, Federal Rule of Evidence 501 states, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed R. Evid. 501.   Accordingly, the Court will apply Florida law in this instance.

Here, Plaintiff states that he, as special trustee, and the beneficiaries, non-parties to the lawsuit, will be substantially affected by the outcome of this litigation because the financial information sought would reveal information regarding what the beneficiaries received and what ING/Reliance and SunTrust did to manage the

trusts.   Docs. 39 at 3; 40 at 3; 43 at 4.   Therefore, Plaintiff alleges that he, along with the beneficiaries, have a right of privacy under the Florida Constitution in relation to this financial information.   *Id.*   The Court agrees.   Therefore, under Florida law, the Court finds that Plaintiff has standing to challenge the subpoenas because Plaintiff is seeking to protect a personal right.   Moreover, Defendant does not contest Plaintiff's standing.

Although the Florida courts have recognized a right of privacy in financial records, if those records are relevant to the issues in the case, they are discoverable. *Friedman v. Heart Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 194 (Fla. 2003); *Letchworth v. Pannone*, 168 So.3d 288, 290 (Fla. 5th Dist. Ct. App. 2015).   Here, Plaintiff argues that the requested information is overbroad and irrelevant to the proceedings, and therefore, its right of privacy must be upheld.   Docs. 39 at 3-6; 40 at 4-6; 43 at 3-6.   Specifically, Plaintiff states that it objects to the request "to the extent the material requested shows investment strategies, actual distributions, distribution patterns, distribution requests, and financial information for trust assets unconnected to any assets that are the subject matter of this litigation or concern actions irrelevant to any claim or affirmative defense."   Docs. 39 at 2-3; 40 at 2-3; 43 at 3.   Defendant responds that this objection is improper because in Plaintiff's complaint, he alleges that he was unable to make decisions regarding distributions and could not make payments from the Berlinger Trusts.   Docs. 45 at 6; 46 at 6. Thus, Defendant argues that if ING/Reliance held funds that could be or were utilized for distribution or payments, Plaintiff's damages claim fails.   Doc. 45 at 6.

Moreover, Defendant states that it is entitled to discovery on how assets were held and utilized at SunTrust for the same reason.   Doc. 46 at 6.

Plaintiff also argues, "[t]his entire litigation focuses on what the Bank did or did not do when transferring the Berlinger Trust assets to the successor trustee; not what other trustees did with the assets upon accepting the transfer."   Docs. 39 at 4; 40 at 4; 43 at 4.   Defendant responds that how the successor trustees handled and managed the Berlinger Trust assets upon receipt goes directly to Plaintiff's claim that Defendant allegedly failed or delayed transfer of the assets.   Docs. 45 at 6; 46 at 6. Defendant claims, "[i]f Wells Fargo timely transferred assets to the successor trustees which were thereafter rejected and returned[,] and that rejection delayed the transfer of assets[,] then Plaintiff's claim directed to Wells Fargo fails in full or in part since any delay was not cause by Wells Fargo."   *Id.*   The Court agrees that this information is relevant to the litigation.   Plaintiff has put this information at issue, thus, it is discoverable.

Next, Defendant argues that Plaintiff's motion fails as to the correspondence categories of the subpoenas, categories D, E, and F, because he failed to make any argument that the documents are irrelevant. Docs. 45 at 7; 46 at 7.   Despite the lack of argument, Defendant asserts that the correspondence or notes between ING/Reliance and Defendant from January 1, 2011 through December 31, 2011 are relevant because the communications may speak to Defendant's efforts to transfer assets to ING/Reliance, any policies or procedures that may have delayed the transfer, and likely will include the identity of witnesses from ING/Reliance that may

be relevant to the litigation.   Doc. 45 at 8.   Moreover, Defendant argues, the correspondence between ING/Reliance and SunTrust is relevant because it may undermine Plaintiff's claim for damages if ING/Reliance had custody of certain assets that Plaintiff argues Defendant should have been transferring to SunTrust.   *Id.* Finally, Defendant asserts that the correspondence between ING/Reliance and the Berlinger Trusts' beneficiaries is relevant to Plaintiff's claim that the beneficiaries' requests for distribution or payments were denied.   *Id.*   Therefore, Defendant argues, whether ING was providing distributions is directly relevant.   The Court agrees that the correspondence is relevant to the claims asserted by Defendant, and therefore are discoverable.   Moreover, Plaintiff did not provide any argument as to why the correspondence is irrelevant.

Defendant alleges the same relevance arguments with respect to the correspondence between SunTrust and Wells Fargo, SunTrust and ING/Reliance, and SunTrust and the Berlinger Trust beneficiaries.   *See* Doc. 46 at 7-8.   Plaintiff, however, did not object to the correspondence requests in the subpoena issued to SunTrust.   *See* Doc. 40 at 2 (stating that Plaintiff objected to the production of the materials in requests A, B and C, the financial records).

Additionally, as related solely to ING/Reliance, Defendant alleges that Plaintiff's motion is inaccurate regarding his claim that ING/Reliance never took possession of Berlinger Trust assets.   Doc. 45 at 9-10. Plaintiff argues that Defendant never transferred the assets to ING/Reliance.   Doc. 39 at 4; 43 at 5. Plaintiff states that any assets held by ING/Reliance are not from Defendant.   *Id.*

Defendant responds that its records indicate that it distributed certain real property from the Rose Trust to ING on September 2, 2011, and thereafter transferred or paid out other trust monies on September 23, 2011.   Doc. 45 at 9.   Defendant states that to the extent its records shows that certain Trust assets were paid to ING/Reliance, it has a right to obtain documents from ING/Reliance regarding what documents it held on behalf of the Berlinger Trusts.   *Id.*

### III.    Conclusion

The Court agrees that these documents requested in the subpoena are relevant to the litigation.   Thus, although Plaintiff has a constitutional right of privacy in the information in the financial records, the documents are relevant and therefore, discoverable. *Friedman v. Heath Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 194 (stating that a party's finances, if relevant to the disputed issues, are not excepted from discovery).   The Court recognizes, however, that financial records are confidential and proprietary in nature, therefore the Court finds good cause to order those documents remain confidential to this litigation.   *See Cornett*, 2012 WL 5305990 at *2 (finding good cause to order financial records to remain confidential to the litigation).

The Court's findings that the documents are relevant, but also should be kept confidential to this litigation directly relate to Plaintiff's Motion to Seal Doc. 77-1 and Plaintiff's motion for sanctions. Plaintiff's motion for sanctions alleges that Defendant used subpoenaed documents subject to claims of privilege in its depositions of the Plaintiff and Bruce D. Berlinger before the Court could resolve the

claim.  Doc. 77 at 1.  The Court will take this motion under advisement to allow Defendant the opportunity to respond.   Plaintiff, however, attached to the motion for sanctions copies of the financial records which were the records subject to the subpoenas discussed above.  *See* Doc. 77-1.  Plaintiff requests that the records be sealed due to their confidential nature.  Doc. 78 at 2.  Although, the motion to seal is opposed, because the Court finds that the documents should be kept confidential to this litigation, the Court will grant the motion to seal Doc. 77-1.

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Plaintiff's Motion to Modify Subpoena Directed to ING Financial Holdings "To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (Doc. 39) is **DENIED**.

2.     Plaintiff's Motion to Modify Subpoena Directed to SunTrust Bank "To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (Doc. 40) is **DENIED.**

3.     Plaintiff's Motion to Modify Subpoena Directed to Reliance Trust Company of Delaware, Successor to ING National Trust "To Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" (Doc. 43) is **DENIED.**

4.     Plaintiff's Motion to Seal Doc. 77-1 (Doc. 76) is **DENIED as moot.**

5.     Plaintiff's Motion for Sanctions for Violating Rule 45(e)(2)(B), Fed. R. Civ. P. (Doc. 77) is **TAKEN UNDER ADVISEMENT.**

6.      Plaintiff's Motion to Seal Doc. 77-1 (Doc. 78) is **GRANTED**.

7.      The documents produced in response to the subpoenas are to remain confidential to this litigation unless the Court orders otherwise.

8.      The Clerk is directed to permanently seal Doc. 77-1.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of May, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record