UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD K. INGLIS, as Special
Trustee to the trust under the will of
Rosa B. Schweiker, dated February 2,
1961, the Frederick W. Berlinger
Revocable Deed of Trust, dated
10/17/1991, as amended and restated.

      Plaintiff,

v.     Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

      Defendant.

## ORDER

Before the Court are Plaintiff's Motion for Sanctions for Violating Rule 45(e)(2)(B), Fed. R. Civ. P. (Doc. 77) and Plaintiff's Motion for Extension of Time (Doc. 82). Defendant filed responses in opposition. Docs. 80, 83. For the reasons set forth below, Plaintiff's motion for sanctions is denied and the motion for extension is granted.

Plaintiff is the Special Trustee of the Berlinger Trusts pursuant to the Orders of the Probate Court of Collier County, Florida. Doc. 1-1 at 5. Plaintiff brought this action alleging civil theft pursuant to Florida Statutes § 772.11. *Id.* Plaintiff alleges that Defendant caused injury to the Berlinger Trusts while engaged in trust administration during the transfer of assets to the successor trustee. *Id.* It is Plaintiff's position that Defendant intentionally failed to transfer the $6,464,723.96 to the successor trustee. *Id.* at 7.

Defendant issued subpoenas to ING, Reliance and SunTrust seeking financial records.  *See* Docs. 39, 40, 43.[1]  Defendant specifically requested all bank statements, all deposits made into any and all accounts, all documentation regarding any incoming and outgoing transaction with regard to any and all accounts held by ING/Reliance or SunTrust as to the Rose S. Berlinger GST Trust, Rosa B. Schweiker Trust, Frederick Berlinger Martial Trust, and Frederick Berlinger Family Trust from January 1, 2011 through December 31, 2011.  Docs. 39 at 2; 40 at 2; 43 at 2.  Defendant also requested correspondence and notes related to communications between ING/Reliance or SunTrust and Defendant, ING/Reliance and SunTrust Bank, and ING/Reliance or SunTrust and Bruce Berlinger, Stacey Berlinger a/k/a Stacey O'Connor, Brian Berlinger and Heather Berlinger regarding the Berlinger Trust accounts from January 1, 2011 through December 31, 2011.  *Id.*

Plaintiff filed Motions to Modify each of the three subpoenas issued. Docs. 39, 40, 43.  Plaintiff objected to the entire subpoena directed to ING/Reliance.  Docs. 39 at 3, 43 at 3.  Plaintiff also objected to the financial records requested in parts A, B, and C of the subpoena directed to Suntrust.  Doc. 40 at 2.  Plaintiff alleged that the information requested is protected by the financial privilege and also is irrelevant, and therefore, not discoverable.  Docs. 39 at 3, 40 at 2, 43 at 3.  Plaintiff, however, did not object to the request directed to SunTrust for correspondence and notes related to communications between SunTrust and Defendant, ING/Reliance and

---

[1] Defendant stated in response to the motion to modify that its subpoena to ING was reissued to Reliance, as successor to ING.  Doc. 47 at 1.  Accordingly, the Court will reference the entities as "ING/Reliance."

SunTrust, and SunTrust and the beneficiaries. Doc. 40 at 2. After consideration of the motions to modify, the Court held that "although Plaintiff has a constitutional right of privacy in the information in the financial records, the documents are relevant and therefore, discoverable." Doc. 79 at 11 (citing *Friedman v. Heath Institute of Port St. Lucie, Inc.*, 863 So.2d 189, 194 (Fla. 2003)).

Prior to the Court ruling on the motions to modify the subpoenas, Plaintiff filed the present motion for sanctions. Plaintiff moves for sanctions stating that Defendant violated Rule 45(e)(2)(B). Doc 77 at 1. Plaintiff states that it timely notified Defendant that documents Defendant subpoenaed were subject to claims of privilege. *Id.* at 1. Plaintiff states that pursuant to Rule 45(e)(2)(B), once Plaintiff timely notified Defendant of the claims of privilege, Defendant was prohibited from disclosure or use of the information. *Id.* at 2 (citing Fed. R. Civ. P. 45(e)(2)(B)). Plaintiff states that instead of complying with the rule, Defendant intentionally used the documents obtained from subpoenas, which were subject to claims of privilege, during the depositions of Plaintiff and Bruce D. Berlinger. *Id.* Plaintiff states that since those documents were used prior to the claims of privilege or protection were resolved by the Court, Defendant's usage violated the federal rules. *Id.* (citing Fed. R. Civ. P. 45(e)(2)(B)). Plaintiff also asserts that the Motions to Modify Subpoenas should have operated to stay discovery of the documents requested in the subpoena until the Court ruled on the motions. *Id.* (citing *Nationwide Ins. Co. v. Seven-Up Bottling, Co.*, No. 91-2267, 1993 WL 82301 (E.D. Pa. Mar. 17, 1993)). Therefore, Plaintiff alleges that monetary sanctions are warranted under 45(d)(1). *Id.*

Defendant responds that Plaintiff's motion should be denied because Plaintiff failed to seek a stay of discovery at the time of filing their motions to modify or anytime between filing the motions to modify and the present motion for sanctions. Doc. 80 at 3.  Additionally, Defendant alleges that at no point prior to filing the present motion did Plaintiff notify Defendant that the documents produced in response to the subpoenas were subject to a particular claim or privilege.  *Id.* Moreover, Defendant alleges that Plaintiff continually relied upon documents he sought to prevent Defendant from obtaining.  *Id.* at 4.  Specifically, Defendant contends that Plaintiff set the depositions of two SunTrust employees and had every intention of moving forward with the depositions despite his claims in the motion to modify that the documents were not relevant and privileged.  *Id.*  Finally, Defendant contends that since this Court found that the documents were relevant and subject to discovery, sanctions are not warranted for Defendant's use of the documents because there has been no harm to Plaintiff or the individuals he purports to represent.  *Id.* at 8.

Federal Rule of Civil Procedure 45(e)(2)(B) provides

> [i]f information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved. . . .

Fed. R. Civ. P. 45(e)(2)(B).  Here, Plaintiff filed motions to modify the subpoenas issued to SunTrust, ING and Reliance and asserted that the information requested

was subject to a financial privilege.  *See* Docs. 39, 40, 43.  Regardless of whether the Court imposed a stay, the federal rules explicitly state that a party is prohibited from using or disclosing information subject to claims of privilege until the claim is resolved.  Fed. R. Civ. P. 45(e)(2)(B).  Although Defendant alleges that Plaintiff did not notify it that the documents were subject to a particular claim of privilege (Doc. 80 at 3), the Court finds this argument to be somewhat disingenuous because the motions to modify clearly assert that the documents were subject to a financial privilege.  *See* Docs. 39, 40, 43.  Accordingly, Defendant should not have utilized those documents prior to the Court ruling on the motions to modify.  The Court, however, ultimately ruled that the documents were discoverable.  Therefore, there was no harm done by Defendant's utilization of the documents in the depositions.  There was no prejudice to Plaintiff.  Therefore, the Court finds that sanctions are not warranted in this particular instance.  Defendant, however, is cautioned that utilization of information subject to a claim of privilege is prohibited under the federal rules until the claim is resolved.  Fed. R. Civ. P. 45(e)(2)(B).  Future violations of the federal rules could result in the imposition of sanctions.

Also before the Court is Plaintiff's Motion for Extension of Time. Doc. 82. Plaintiff requests a 17-day extension of the deadline for expert disclosures.  *Id.* at 2. Defendant states that granting this request would prejudice it because the extension would allow Defendant only two weeks to prepare to file dispositive motions.  Doc. 83 at 3.  Although Plaintiff suggested that the entire schedule be extended by seventeen days, Defendant was opposed to that suggestion.  Doc. 82 at 2.

Defendant states that Plaintiff has had sufficient time to disclose its experts, and Plaintiff has failed to show that his inability to comply with the current deadline was not due to lack of diligence. Doc. 83 at 4. Defendant also acknowledges that simply extending the expert disclosures and dispositive motions deadlines would not allow the Court adequate time to rule on the dispositive motions. *Id.*

Considering the arguments of both parties, the Court finds good cause to extend the entire Case Management and Scheduling Order (Doc. 64) by thirty days. This is the first extension of the scheduling order. Additionally, in an effort to alleviate prejudice to any party, the Court will allow an extension.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Sanctions for Violating Rule 45(e)(2)(B), Fed. R. Civ. P. (Doc. 77) is **DENIED**.

2. Plaintiff's Motion for Extension of Time (Doc. 82) is **GRANTED**. The Court will extend the Case Management and Scheduling Order (Doc. 64) by thirty (30) days.

3. The Clerk is directed to enter an Amended Case Management and Scheduling Order.

4. All other directives set forth in the Case Management and Scheduling Order (Doc. 64) remain unchanged.

- 7 -

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record