# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

RICHARD K. INGLIS, as Special
Trustee to the trust under the will of
Rosa B. Schweiker, dated February 2,
1961, the Frederick W. Berlinger
Revocable Deed of Trust, dated
10/17/1991, as amended and restated.

      Plaintiff,

v.                                                  Case No:  2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

      Defendant.

_____

## ORDER

Before the Court is Plaintiff's Emergency Rule 45 Motion to Quash Subpoenas (Doc. 89), filed on August 3, 2016.  Defendant responded in opposition.  Doc. 91.  For the reasons set forth below, Plaintiff's motion is denied.

Plaintiff requests that the Court quash the subpoenas served on his experts David J. Cignanek and Jeffrey A. Asher.  Doc. 89 at 2.  Plaintiff states that Defendant served the subpoenas on August 3, 2016 for depositions on August 18, 2016 and August 22, 2016, respectively.  *Id.*  Plaintiff argues that the subpoenas should be quashed because they do not allow sufficient time for the experts to comply, and it subjects both of his experts to an undue burden.  *Id.*  Plaintiff also states that the experts would have only a few days to prepare themselves for depositions that involve numerous pages of documents and financial data.  *Id.*  Plaintiff asserts that combining the time it would take for preparation along with the experts' work

schedules, would subject the experts to an undue burden as they would have to reacquaint themselves with the information related to this case while dealing with their own professional work.   *Id.* at 2-3.   Plaintiff also asserts that Defendant would not be prejudiced by moving the deposition dates because Defendant already has all of the documents the experts relied upon and the experts' opinions.   *Id.* at 3. Additionally, Plaintiff states that he would like to preserve the experts' testimony for trial in the event they are unavailable to attend.   *Id.*   Plaintiff asserts that he needs Defendant's expert disclosures before the depositions in order to adequately cross-examine his experts.   *Id.*   Moreover, Plaintiff contends that principles of fairness and justice require that Plaintiff cross-examine its witness on Defendant's expert reports to preserve the testimony for trial.   *Id.*   Plaintiff also asserts that if the depositions are taken before Defendant's expert disclosures, then a second deposition would be necessary.   *Id.*

Defendant responds that, contrary to Plaintiff's contention, it does not have all of the documents Plaintiff's experts relied upon in developing their reports.   Doc. 91 at 2.   Defendant states that upon receipt of the reports, it served written discovery upon Plaintiff requesting the information.   *Id.*   Additionally, Defendant scheduled the depositions of Plaintiff's experts because of its desire to depose Plaintiff's experts, and also to explore the documents the experts relied upon in formulating their opinions.   *Id.*   Moreover, Defendant states that it needs to understand and explore the documents and opinions before it can provide its own expert reports, which are due on August 31, 2016.   *Id.* at 3-4.   Defendant states that it properly served

Plaintiff's experts for deposition, and in accordance with Local Rule 3.02, provided the experts with more than fourteen days' notice of the depositions. *Id.* at 3. Moreover, Defendant asserts that it complied with the geographical requirement of Rule 45, Federal Rules of Civil Procedure. *Id.* Defendant also contends that Mr. Ciganek's report is dated July 29, 2016, and Mr. Asher's report is dated July 30, 2016. *Id.* at 4. Therefore, the information should be fresh in the experts' minds. *Id.* Thus, Defendant asserts that the experts have a reasonable amount of time to comply, and there is no undue burden. *Id.* at 6. Finally, Defendant argues that Plaintiff has provided no basis for the premise that he may hold off his experts' depositions until he receives Defendant's expert reports; and to do so would unduly prejudice Defendant. *Id.* at 7-8.

Pursuant to Rule 45, the "court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Ordinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F. 2d 961, 967 (5th Cir. 1979);[1] *See also Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-cv-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006). Parties, however, do have

---

[1] In *Bonner v. City of Richard*, 661 F.2d 1206, 1207, 1209 (11th Cir.)(en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

standing to move to quash or modify a subpoena based on inadequate notice. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (stating "[n]ot only do Defendants have a personal interest in receiving adequate notice of depositions, a party has standing to enforce the Court's orders and rules."). Here, the Court finds that Plaintiff has standing to move to quash the subpoenas directed to his experts.

As stated, the federal rules require that a subpoena be quashed when it fails to allow reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A). While there is no fixed time limit in the federal rules, the local rules of this Court require that, "a party desiring to take the deposition of any person upon oral examination [ ] give at least fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)." M.D. Fla. R. 3.02. Moreover, the party issuing the subpoena must take reasonable steps to avoid imposing an undue burden on the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).

The federal rules also require that when a party discloses an expert employed to provide expert testimony in a case, the disclosure be accompanied by a written report that contains a complete statement of the expert's opinions and basis for such opinions; the facts or data used when forming the opinions; and any exhibits that will be used to summarize or support the opinions. Fed. R. Civ. P. 26(a)(2)(B). Rule 26 also allows a party to depose any person who has been identified as an expert only after the expert report has been provided. Fed. R. Civ. P. 26(b)(4)(A). Moreover, Rule 26 states that "methods of discovery may be used in any sequence," and

"discovery by one party does not require any other party to delay its discovery."   Fed. R. Civ. P. 26(d)(3).

First, the Court finds that Defendant provided reasonable notice to Plaintiff's experts.   Mr. Ciganek and Mr. Asher were served on August 3, 2016 for depositions scheduled for August 18, 2016 and August 22, 2016, respectively.   Doc. 89 at 2.   The experts received fifteen days and nineteen days' notice, respectively, for their upcoming depositions.   *Id.*   Thus, Defendant has complied with the requirements set forth in the local rules of this Court that a deponent be provided at least fourteen days' notice of Defendant's desire to take the depositions.   Additionally, the notices should allow the experts time to adequately prepare for their depositions and comply with the subpoenas.

Next, Plaintiff argues that it needs Defendant's expert reports before Defendant takes the deposition of his experts because Plaintiff would like to preserve his experts' depositions for trial, and he needs Defendant's expert reports in order to take a meaningful cross-examination.   Doc. 89 at 3.   Here, Defendant has properly noticed the depositions in compliance with both the federal and local rules. Additionally, Plaintiff's experts' reports have been provided, and pursuant to Rule 26, Defendant is permitted to depose an expert after the report has been provided. While the Court recognizes Plaintiff's desire to cross-examine his experts, there is nothing in the rules that requires that Defendant postpone its discovery because Plaintiff seeks to delay discovery.   Plaintiff also has provided no case law to support his argument that he can control the sequence of discovery in this case.      Moreover,

to the extent Plaintiff argues that the scheduled depositions impose an undue burden on his experts because his experts are not available on the dates indicated in the subpoenas, Defendant states that it is willing to re-notice these depositions to accommodate the experts' schedules as long as it is far enough in advance of August 31, 2016, the deadline for Defendant to disclose its experts.  Doc. 91 at 6.  The parties are directed to work together to find dates that accommodate the experts' schedules.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Emergency Rule 45 Motion to Quash Subpoenas (Doc. 89) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record