UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD K. INGLIS, as Special Trustee to the trust under the will of Rosa B. Schweiker, dated February 2, 1961, the Frederick W. Berlinger Revocable Deed of Trust, dated 10/17/1991, as amended and restated.

      Plaintiff,

v.	Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

      Defendant.

## ORDER

This matter comes before the Court upon review of the Emergency Motion of Witness Janice Evans and Defendant Wells Fargos Bank, N.A. for Protective Order to Stay September 19, 2016 Deposition of Janice Evans, with Incorporated Memorandum of Law (Doc. 106) filed on September 8, 2016. Defendant and Ms. Janice Evans seek to stay the deposition of Ms. Evans until either her medical problems are resolved or she returns from maternity leave. Doc. 106 at 1. Plaintiff filed a response in opposition on September 12, 2016. Doc. 111.

Janice Evans is Defendant's employee and a fact witness in this matter. Doc. 106 at 2. On September 7, 2016, Plaintiff filed a Notice of Filing Proof of Service (Doc. 102) that shows Plaintiff's service of subpoena to Ms. Evans. Doc. 102-1. The subpoena demands that Ms. Evans testify at a deposition on September 19, 2016. *Id.* On September 8, 2016, Defendant and Ms. Evans filed this present motion to

stay Ms. Evans' deposition, explaining that she is currently on maternity leave and is suffering from pregnancy-related health issues. Doc. 106 at 1. Defendant and Ms. Evans state that Defendant will produce Ms. Evans for a deposition before the discovery deadline[1] "if her health status changes and her doctor gives her permission to appear for her deposition." *Id.* at 3. If Ms. Evans cannot appear during the discovery period, Defendant and Ms. Evans promise that Defendant will produce her for a deposition within fourteen (14) days of her return from maternity leave or of trial.[2] *Id.* at 3-4. Plaintiff opposes the Motion on the ground that Ms. Evans' testimony is highly relevant, as it goes to Defendant's affirmative defenses. Doc. 111 at 3. Plaintiff argues that her deposition should take place as scheduled because her medical condition is not life-threatening. *Id.*

Rule 26(c) provides that "a party or any person" may move for a protective order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court, upon showing of good cause, may issue a protective order including "specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery" and "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c). "Rule 26(c) gives the district court discretionary power to fashion a protective order." *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985).

---

[1] The discovery deadline is October 3, 2016. Doc. 85.

[2] Ms. Evans is on maternity leave beginning on August 26, 2016. Doc. 106 at 2. Her expected date of delivery is November 9, 2016. *Id.* at 4. The trial in this matter is to commence on March 6, 2017. Doc. 85 at 2.

If a party seeks to delay a deposition on medical grounds, the moving party must make "a specific and documented factual showing that the deposition will be dangerous to the deponent's health." *Arnold v. Wausau Underwriters Ins. Co.*, No. 13-60299-CIV, 2013 WL 5488520, at *2 (S.D. Fla. Sept. 30, 2013). The burden of a party seeking to delay or prohibit his own deposition is heavier than that of a witness seeking the same. *Id.* Upon factual showing, the court will examine the deposing party's interest in conducting discovery for trial against the harm the deposition will cause to a person or party to be deposed. *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

Here, the Court finds that the harm the deposition will cause to Ms. Evans is greater than Plaintiff's interest in deposing Ms. Evans on September 19, 2016. Ms. Evans is seeking a protective order to stay her own deposition and has proven her medical conditions by submitting her treating physician's letter. Doc. 106-2. The letter clearly states that Ms. Evans is to remain home until her expected date of delivery and that attending a deposition may endanger her and her unborn child. *Id.* Although this will cause a delay in her deposition, as Defendant and Ms. Evans promise, Plaintiff will have an opportunity to depose her once her medical issues are resolved or she returns from her maternity leave. Doc. 106 at 3-4.

Plaintiff argues that this showing is insufficient because Ms. Evans' medical condition is not life-threatening. Doc. 111 at 3. Plaintiff believes that a moving party carries a burden of establishing "a serious [or] life threatening medical condition to preclude the taking of a deposition" and cites to *Dunford v. Rolly Marine*

*Service Co. Id.*; 233 F.R.D. 635, 637 (S.D. Fla. 2005). The standard employed in *Dunford* is not applicable to this case on two grounds: (1) a party in *Dunford* sought to prohibit, not stay, the deposition, and (2) a party, not a third-party witness, moved for a protective order. *Id.* Here, because Ms. Evans, a third-party witness, is moving for a protective order and is seeking to stay the deposition instead of prohibiting it, the Court finds that she has made an appropriate factual showing to stay her deposition. Doc. 106.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Emergency Motion of Witness Janice Evans and Defendant Wells Fargos Bank, N.A. for Protective Order to Stay September 19, 2016 Deposition of Janice Evans, with Incorporated Memorandum of Law (Doc. 106) is **GRANTED**.

2. Defendant is directed to immediately notify Plaintiff and to produce Ms. Janice Evans for her deposition when her medical problems are resolved or she returns from maternity leave, whichever is earlier.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record