## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RICHARD K. INGLIS, as Special
Trustee to the trust under the will of
Rosa B. Schweiker, dated February 2,
1961, the Frederick W. Berlinger
Revocable Deed of Trust, dated
10/17/1991, as amended and restated.

       Plaintiff,

v.                                Case No:   2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

       Defendant.

---

### ORDER

      This matter comes before the Court upon review of Plaintiff's Motion for an Order Compelling Disclosure (Doc. 95) filed on August 17, 2016, Plaintiff's Second Motion for an Order Compelling Disclosure (Doc. 96) filed on August 24, 2016, and Plaintiff's Motion for Extension of Time to Obtain Discovery from Defendant's Expert Witness (Doc. 110) filed on September 12, 2016.   Defendant opposes all of the requested relief.   Docs. 101, 113, 116.

### I.   Background

      On November 5, 2014, this case was removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida.   Doc. 1.   The case later was transferred to this Court on November 21, 2014.   Doc. 13.

This case involves three family trusts: the Rosa B. Schweiker Trust, the Frederick W. Berlinger Trust, and the Rose S. Berlinger Trust (the "Berlinger Trusts"). Doc. 1-1 at 4. Plaintiff is the Special Trustee of the Berlinger Trusts pursuant to the Orders of the Probate Court of Collier County, Florida. *Id.* at 5. Plaintiff brought this action alleging civil theft pursuant to section 772.11 of the Florida Statutes. *Id.*

According to Plaintiff, on or about August 8, 2011, the Berlinger Trusts' assets had a value of $6,464,723.96, and Defendant held the assets in trust fund accounts as part of the portfolio for the Berlinger Trusts. *Id.* at 6. On or about August 8, 2011, the Office of the Trustee requested that Defendant transfer the Berlinger Trusts' assets in its possession to the successor trustee. *Id.* at 6-7. The Office of the Trustee made numerous inquiries as to the location of the Berlinger Trusts' assets, but Defendant never responded to the inquiries. *Id.* at 7. Plaintiff states that fifty days passed with no indication that Defendant was going to transfer the Berlinger Trusts' assets. *Id.* Once fifty days had passed, on September 27, 2011, the Office of the Trustee sent pre-suit notice to Defendant pursuant to section 722.11 of the Florida Statutes.[1] *Id.* at 7-8. However, Plaintiff asserts that Defendant did not return the Berlinger Trusts' assets by November 2, 2011. *Id.* at 8.

Plaintiff argues that Defendant intentionally failed to transfer the $6,464,723.96 to the successor trustee. *Id.* at 7. Moreover, Plaintiff argues that

---

[1] Plaintiff seems to have cited an incorrect statute number. The statute "civil remedy for theft or exploitation" is section 772.11, not section 722.11, of the Florida Statutes. Fla. Stat. § 772.11.

Defendant intentionally concealed the location of the Berlinger Trusts' assets by refusing to communicate with the Office of the Trustee, the beneficiaries to the Berlinger Trusts, and their agents regarding the transfer in trust assets after Defendant was removed from its position as corporate trustee. *Id.* Additionally, Plaintiff alleges that the Office of the Trustee had an immediate right of possession of the Berlinger Trusts' assets, and was wrongfully deprived of that right when Defendant failed to transfer the assets. *Id.* By failing to transfer the assets, Plaintiff argues that the Office of the Trustee could not make decisions regarding the distribution; could not make payments from the Berlinger Trusts; and could not exercise his fiduciary duty because he could not monitor the trust funds. *Id.*

## II.   Plaintiff's Motions for an Order Compelling Disclosure (Docs. 95, 96)

Rule 33 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34.   Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b).   Fed. R. Civ. P. 34(a).   Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).   Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of

consequence in determining the action." Fed. R. Evid. 401. A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv).

On August 17, 2016, Plaintiff moved for an order compelling disclosure because he had not received a response to his Fourth Request for Production of Documents (Doc. 96-1) served on July 11, 2016. Doc. 95. Plaintiff states that Defendant did not answer within thirty-three (33) days of service and missed the deadline of August 15, 2016 to respond. *Id.* at 1-2. However, on August 25, 2016, Plaintiff filed a Notice that Plaintiff received Defendant's response, and that the response was not late. Doc. 97 at 1. On September 2, 2016, Defendant also filed a brief confirming that Defendant timely responded by mailing out its response on August 15, 2016. Doc. 101 at 3. As a result, this motion (Doc. 95) is now moot.

On August 24, 2016, Plaintiff filed a Second Motion for an Order Compelling Disclosure because Plaintiff found Defendant's response evasive and incomplete. Doc. 96 at 3-4. Plaintiff's Fourth Request for Production seeks the "complete file [of]

the work done and paid for the Berlinger Trusts by Dechert LLP in 2009." Doc. 96-1 at 2. Defendant objected to this request because the documents sought are immaterial to the present case and are not calculated to lead to the discovery of admissible evidence.[2] Doc. 96-3 at 3. Nonetheless, Defendant answered that "[n]otwithstanding the forgoing objections, [Defendant] has not been able to locate such a file in its possession." *Id.*

Here, Defendant is deemed to have waived all its objections to Plaintiff's request for production because it provided an answer with objections. Doc. 96-1. As Plaintiff points out, "when an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands." *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 1627165, at *2 (M.D. Fla. Apr. 29, 2011); Doc. 96 at 4. Defendant argues that it did not waive its objections because it was "merely trying to preempt or short circuit the filing of a multiple discovery motions." Doc. 113 at 4. This rationale represents the thought that "the counsel does not know for sure whether the objection is sustainable, that it probably is not, but think it is wise to cover all bets anyway, just in case." *Tardif*, 2011 WL 1627165, at *2. The court has described that such thought lacks any rational basis. *Id.*

---

[2] Note that the phrase "reasonably calculated to lead to the discovery of admissible evidence" is no longer part of Rule 26(b)(1). "The former provision of [Rule 26(b)(1)] for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is [] deleted." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

Even if the Court sets aside Defendant's objections, however, the request and Plaintiff's explanation do not clearly reveal how the requested documents are "relevant to any party's claim or defense and proportional to the needs of the case. . . ."   Doc. 96; Doc. 96-3; Fed. R. Civ. P. 26(b)(1).   "When the relevancy of information sought cannot be discerned from a review of the discovery request, [] the party seeking to compel responses must demonstrate relevancy."   *Sanchez v. Cardon Healthcare Network, LLC*, No. 3:12-cv-902-J-34JBT, 2013 WL 2352142, at *2 (M.D. Fla. May 29, 2013).   Because this case concerns the transfer of the Berlinger Trusts' assets between August 8, 2011 and November 2, 2011, the Court cannot readily discern how Dechert LLP's works in 2009 are relevant to the current proceedings.   Doc. 1-1; Doc. 96-3.   Therefore, Plaintiff carries the burden of establishing relevancy.   *See Sanchez*, 2013 WL 2352142, at *2; *S.E.C. v. Bankatlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012).

Here, Plaintiff does not meet his burden to establish relevancy of the documents.   *See Sanchez*, 2013 WL 2352142, at *2.   In support of his motion to compel, Plaintiff asserts that because Defendant produced "the bills, invoices, emails associated with Dechert LLP as a response to [] Plaintiff's first request for production,"[3] Plaintiff now needs to discover "what those bills were associated with to determine its effect on transferring the accounts or winding down the trustee role."   Doc. 96 at 4.   Even with Plaintiff's explanation, it is not still clear how Dechert LLP's

---

[3] Defendant disputes what it has produced in relation to Dechert LLP's works in 2009. Doc. 113 at 3-4.   Defendant states that the only produced document referencing to Dechert LLP's work is correspondence between Bruce Berlinger and Defendant.   *Id.* at 4.

works from two years ago are relevant to and proportional to the needs of Plaintiff's civil theft claim in 2011.   Doc. 1-1; Fed. R. Civ. P. 26(b)(1).   As a result, Plaintiff's Second Motion for an Order Compelling Disclosure (Doc. 96) is denied.

In addition, Plaintiff seeks attorney fees based on Rule 37(a)(5)(A).   Doc. 96 at 5.   According to Rule 37(a)(5)(A), "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" if the motion to compel is granted or disclosure of discovery is provided after filing of the motion to compel. Fed. R. Civ. P. 37(a)(5)(A).   Here, Rule 37(a)(5)(A) does not apply because Plaintiff's first motion to compel is moot and second motion to compel is denied.   *See* Fed. R. Civ. P. 37(a)(5)(A).   Moreover, Defendant has not provided disclosure after the motions (Doc. 95; Doc. 96) were filed.   Fed. R. Civ. P. 37(a)(5)(A).   Plaintiff's request for attorney fees is denied.   *See* Fed. R. Civ. P. 37(a)(5)(A).

### III.   Plaintiff's Motion for Extension of Time to Obtain Discovery from Defendant's Expert Witness (Docs. 110, 114)

Lastly, Plaintiff seeks to extend the discovery deadline of October 3, 2016 by eighteen (18) days to October 21, 2016. [4]   Doc. 114 at 1.   Plaintiff states that Defendant's deadline for disclosure of an expert report, which was August 31, 2016, was extended for one week to September 7, 2016 when the Court granted Defendant's motion for extension.   Docs. 99, 100.   As a result, Plaintiff argues that he served a

---

[4] Plaintiff filed a supplemental briefing because the original brief (Doc. 110) is missing a second page.   Doc. 114.

request for production directed at the documents relied upon by Defendant's expert witness on September 12, 2016.   Doc. 114 at 2.   Plaintiff seeks to extend the discovery deadline so that Defendant has thirty-three (33) days to respond and Plaintiff has reasonable time to review Defendant's response.   *Id.* at 2; Fed. R. Civ. P. 34(b)(2)(A).

This motion is moot because Defendant already has responded to Plaintiff's request.   Doc. 116 at 2; Doc. 116-2 at 2.   On September 13, 2016, Defendant responded that all the documents Plaintiff seeks are "documents that were previously produced in discovery" or in "public record."   Doc. 116-2 at 2.   Defendant's response reveals that the ground for the motion for extension (Doc. 114) has been since eliminated.   Doc. 116.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Motion for an Order Compelling Disclosure (Doc. 95) is **DENIED as moot**.

2.      Plaintiff's Second Motion for an Order Compelling Disclosure (Doc. 96) is **DENIED**.

3.      Plaintiff's Motion for Extension of Time to Obtain Discovery from Defendant's Expert Witness (Doc. 110) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record