UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD K. INGLIS, as Special
Trustee to the trust under the will of
Rosa B. Schweiker, dated February 2,
1961, the Frederick W. Berlinger
Revocable Deed of Trust, dated
10/17/1991, as amended and restated.

      Plaintiff,

v.                              Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

      Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Motion for Leave to Amend Caption and Complaint (Doc. 86) filed on July 19, 2016. Defendant opposes the requested relief. Doc. 87. For the reasons stated below, the Court recommends that Plaintiff's motion be granted in part and denied in part.

### I. Background

On November 5, 2014, this case was removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

District Court for the Southern District of Florida. Doc. 1. The case later was transferred to this Court on November 21, 2014. Doc. 13.

This case involves three family trusts: the Rosa B. Schweiker Trust, the Frederick W. Berlinger Trust, and the Rose S. Berlinger Trust (the "Berlinger Trusts"). Doc. 1-1 at 4. Plaintiff is the Special Trustee of the Berlinger Trusts pursuant to the Orders of the Probate Court of Collier County, Florida. *Id.* at 5. Plaintiff brought this action alleging civil theft pursuant to section 772.11 of the Florida Statutes. *Id.*

According to Plaintiff, on or about August 8, 2011, the Berlinger Trusts' assets had a value of $6,464,723.96, and Defendant held the assets in trust fund accounts as part of the portfolio for the Berlinger Trusts. *Id.* at 6. On or about August 8, 2011, the Office of the Trustee requested that Defendant transfer the Berlinger Trusts' assets in its possession to the successor trustee. *Id.* at 6-7. The Office of the Trustee made numerous inquiries as to the location of the Berlinger Trusts' assets, but Defendant never responded to the inquiries. *Id.* at 7. Plaintiff states that fifty days passed with no indication that Defendant was going to transfer the Berlinger Trusts' assets. *Id.* Once fifty days had passed, the Office of the Trustee sent pre-suit notice to Defendant pursuant to section 722.11 of the Florida Statutes[2] on September 27, 2011. *Id.* at 7-8. However, Plaintiff asserts that Defendant did not return the Berlinger Trusts' assets by November 2, 2011. *Id.* at 8.

---

[2] Plaintiff seems to have cited an incorrect statute number. The statute "civil remedy for theft or exploitation" is section 772.11, not section 722.11, of the Florida Statutes. Fla. Stat. § 772.11.

Plaintiff argues that Defendant intentionally failed to transfer the $6,464,723.96 to the successor trustee. *Id.* at 7. Moreover, Plaintiff argues that Defendant intentionally concealed the location of the Berlinger Trusts' assets by refusing to communicate with the Office of the Trustee, the beneficiaries to the Berlinger Trusts, and their agents regarding the transfer in trust assets after Defendant was removed from its position as corporate trustee. *Id.* Additionally, Plaintiff alleges that the Office of the Trustee had an immediate right of possession of the Berlinger Trusts' assets, and was wrongfully deprived of that right when Defendant failed to transfer the assets. *Id.* By failing to transfer the assets, Plaintiff argues that the Office of the Trustee could not make decisions regarding the distribution; could not make payments from the Berlinger Trusts; and could not exercise his fiduciary duty because he could not monitor the trust funds. *Id.*

## II.   Plaintiff's Motion to Amend Caption and Complaint (Doc. 86)

Plaintiff seeks to amend three things: (1) removing the Rose S. Berlinger Trust from the party descriptor, (2) changing the dates and inserting a word in the complaint's Counts 28 and 29, and (3) amending the "wherefore" clause[3] that discusses the damages Plaintiff seeks. Doc. 86. First, Plaintiff seeks to remove the Rose S. Berlinger Trust from the party descriptor and the complaint (Doc. 1-1 at 4) because Plaintiff disputes only the transfer of funds from the Rose Schweiker Trust,

---

[3] The "wherefore" clause is as follows: "Wherefore the Plaintiff prays for judgment against the Defendant for an accounting of the trust property, for actual damages in the amount of $6,464,723.96, for treble damages in the amount of $19,394,171.88 as provided by section 772.11 of the Florida Statutes, and for reasonable attorney fees and costs; and for any other and further relief as the Court may deem proper." Doc. 1-1 at 10.

Frederick Berlinger Family Trust, and Frederick Berlinger Martial Trust. Doc. 86 at 2. Second, Plaintiff proposes to change the date of November 2, 2011 in Counts 28 and 29[4] to October 27, 2011 and insert a word "all of" because Defendant had until October 27, 2011, not November 2, 2011, to transfer "all of" the Berlinger Trusts' assets and to comply with the pre-suit notice. Doc. 86 at 3. Lastly, Plaintiff wants to clarify the "wherefore" clause that discusses the damages sought because the clause does not make it clear whether Plaintiff seeks "the actual damages and treble damages, or any of the two alternatively." *Id.*

A party's motion to amend pleadings filed after the court's deadline may be granted only upon a showing of good cause as prescribed by Rule 16(b) of the Federal Rules of Civil Procedure. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir.1998); *Thorn v. Blue Cross & Blue Shield of Fla. Inc.*, 192 F.R.D. 308 (M.D. Fla. 2000). Once good cause is shown, the court may consider whether leave should be granted under Rule 15. *Thorn*, 192 F.R.D. at 309-10. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party" seeking to amend. *Sosa*, 133 F.3d at 1418 (internal quotations and citation omitted). A party seeking to amend can show good cause by demonstrating its diligence in pursuing claims. *See id.* Overall, in deciding whether to grant leave to amend, the court maintains wide discretion "[even] after the filing of responsive pleadings, and

---

[4] Plaintiff alleges that Plaintiff delivered pre-suit notice to Defendant, which demanded "Defendant's payment of treble the damage amount" on or before October 27, 2011. Doc. 1-1 at ¶¶ 25, 27. Plaintiff states that Defendant "failed to return the Office of Trustee's $6,464,723.96 in trust assets" or the treble damages before November 2, 2011. *Id.* at ¶¶ 28, 29.

in the face of an imminent adverse ruling." *Quinn v. Deutsche Bank Nat'l Tr. Co.*, 625 F. App'x 937, 940 (11th Cir. 2015).

Here, the Rule 16(b)'s standard of good cause governs because Plaintiff filed the motion for leave to amend the complaint (Doc. 1-1 at 4-11) after the deadline to amend the pleadings. *See Thorn*, 192 F.R.D. at 309-10. The Court entered a Case Management and Scheduling Order (Doc. 64) on February 22, 2016 setting the deadline for motions to add parties or to amend pleadings to March 16, 2016. Plaintiff filed this motion on July 19, 2016, four months after the deadline to amend pleadings had passed. Doc. 86.

Plaintiff, however, does not attempt to demonstrate good cause at all. *Id.* Instead, he urges the Court to follow the standard from *Rosen v. TRW. Inc.*, 979 F.2d 191, 194 (11th Cir. 1991), without explaining the case's proper context. Doc. 86 at 2. First, *Rosen* is not applicable here because it addresses the court giving a plaintiff one more chance to amend "before the district court dismisses the action with prejudice" in the context of a Rule 12(b)(6) motion. 979 F.2d at 194. Here, the Court is not ruling on a Rule 12(b)(6) motion to dismiss. Doc. 86. Furthermore, the standard Plaintiff quotes from *Rosen* also is not applicable here because the standard is an interpretation of Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* Here, the Court has to analyze good cause under Rule 16(b) before deciding whether to grant leave to amend under Rule 15(a). *See Thorn*, 192 F.R.D. at 309-10. Plaintiff's argument, as Defendant states in its brief, "ignores both the fact that the Motion is untimely and the proper standard for an untimely motion to amend." Doc. 98 at 5.

Moreoever, it is inexplicable why Plaintiff waited almost two years to propose these amendments. The Rose S. Berlinger Trust appears in this case ever since the case first was removed from the state court on November 5, 2014. Doc. 1; Doc. 1-1. The complaint (Doc. 1-1 at 4-11) clearly names the Rose S. Berlinger Trust as one of the trusts Plaintiff represents on its front page. Doc. 1-1 at 1. Even the Court's Order issued on September 30, 2015 names the Rose S. Berlinger Trust as one of the trusts involved here and recites the pertinent dates and damages Plaintiff now seeks to amend. Doc. 35 at 3-5. Had Plaintiff read the Court's Order, if not his own complaint (Doc. 1-1 at 4-11), he could have moved for leave to amend well before March 16, 2016, the deadline to amend the pleadings. *See id.*

In the absence of any showing of good cause, the Court recommends using its discretion to grant leave to amend as to removing the Rose S. Berlinger Trust from the party descriptor and the complaint (Doc. 1-1 at 4-11). Doc. 86 at 2; *see Quinn*, 625 F. App'x at 940. Defendant has been aware since April 27, 2016 that the Rose S. Berlinger Trust has no claim in this case, and more importantly, expressly states that it does not oppose this amendment. Doc. 87 at 1, 3. Furthermore, removing the trust will not add new claims but rather "reduce the scope of the proceedings." Doc. 86 at 2.

Nonetheless, despite its non-opposition to this amendment, Defendant seeks attorney fees and court costs they incurred in defending itself against the Rose S. Berlinger Trust. Doc. 87 at 3. Defendant argues that because Plaintiff delayed in removing the Rose S. Berlinger Trust from this case, Defendant had already spent

resources and time in developing defense against the Rose S. Berlinger Trust. *Id.* Defendant's argument is based on section 772.11(1) of the Florida Statutes, which states "[t]he defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Here, the Court does not make a finding that Plaintiff "raised a claim that was without substantial fact or legal support." All that the Court has analyzed here are the Federal Rules of Civil Procedure and case law relevant to amending the complaint (Doc. 1-1 at 4-11) after the Court's deadline. Fla. Stat. § 772.11(1). The Court recommends that Defendant's request for attorney fees and courts costs be denied.

With respect to changing dates and inserting a word in Counts 28 and 29, because Plaintiff does not show any good cause and Defendant opposes this amendment, the Court recommends not granting leave to amend. Docs. 86, 87. Defendant argues that this amendment is prejudicial to Defendant because Defendant has "overwhelming evidence that [Defendant] transferred all of the Berlinger Trust assets by the date set forth" in the complaint (Doc. 1-1). Doc. 87 at 4. Based on the evidence, Defendant believes this amendment will not only "lower the bar for [Plaintiff's] claims" but also "change the potential actual damages calculation." *Id.* As a result, the amendment "dramatically undercuts [Defendant's] defense that it properly and timely . . . transferred all of the Berlinger Trust assets by November 2, 2011." *Id.* at 8.

Lastly, with respect to amending the "wherefore" clause in order to specify the damages Plaintiff seeks, the Court recommends granting leave to amend. Even though Plaintiff does not show good cause here, Defendant neither asserts Plaintiff's lack of good cause nor expressly opposes this amendment. Doc. 87. By not doing either, Defendant waives its objections and creates a presumption that Plaintiff's motion for leave to amend as to clarifying the damages is unopposed. *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *3 (M.D. Fla. Jan. 23, 2012). Also, the Court finds Plaintiff's argument convincing that this amendment is solely "for clarification." Doc. 86 at 3.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

      1.      Plaintiff's Motion for Leave to Amend Caption and Complaint (Doc. 86) be **GRANTED in part and DENIED in part**.

      2.      Within seven (7) days, Plaintiff be directed to amend the complaint (Doc. 1-1 at 4-11) as to removing the Rose S. Berlinger Trust from the party descriptor and the complaint (Doc. 1-1 at 4-11) and clarifying the damages he seeks in the "wherefore" clause; otherwise, Plaintiff's motion be **DENIED**.

      **DONE** and **ENTERED** in Fort Myers, Florida on this 23rd day of September, 2016.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record