## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RICHARD K. INGLIS, as Special
Trustee to the trust under the will of
Rosa B. Schweiker, dated February 2,
1961, the Frederick W. Berlinger
Revocable Deed of Trust, dated
10/17/1991, as amended and restated.

        Plaintiff,

v.                                                          Case No:  2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

        Defendant.

_____

### ORDER

This matter comes before the Court upon review of Plaintiff's Third Motion for an Order Compelling Disclosure (Doc. 120) filed on September 26, 2016; Plaintiff's Emergency Motion for Extension of Time to Complete Discovery (Doc. 121) filed on September 26, 2016; and Defendant's Motion for Clarification regarding Report and Recommendation (D.E. #119) (Doc. 127) filed on October 4, 2016.   Defendant opposes Plaintiff's motions (Docs. 120, 121), and Plaintiff opposes Defendant's motion for clarification (Doc. 127).   Docs. 128, 134.

### I.   Background

On November 5, 2014, this case was removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida.   Doc. 1.   The case later was transferred to this Court on November 21, 2014.   Doc. 13.

This case involves three family trusts: the Rosa B. Schweiker Trust, the Frederick W. Berlinger Trust, and the Rose S. Berlinger Trust (the "Berlinger Trusts"). Doc. 1-1 at 4. Plaintiff is the Special Trustee of the Berlinger Trusts pursuant to the Orders of the Probate Court of Collier County, Florida. *Id.* at 5. Plaintiff brought this action alleging civil theft pursuant to section 772.11 of the Florida Statutes. *Id.*

According to Plaintiff, on or about August 8, 2011, the Berlinger Trusts' assets had a value of $6,464,723.96, and Defendant held the assets in trust fund accounts as part of the portfolio for the Berlinger Trusts. *Id.* at 6. On or about August 8, 2011, the Office of the Trustee requested that Defendant transfer the Berlinger Trusts' assets in its possession to the successor trustee. *Id.* at 6-7. The Office of the Trustee made numerous inquiries as to the location of the Berlinger Trusts' assets, but Defendant never responded to the inquiries. *Id.* at 7. Plaintiff states that fifty days passed with no indication that Defendant was going to transfer the Berlinger Trusts' assets. *Id.* Once fifty days had passed, on September 27, 2011, the Office of the Trustee sent pre-suit notice to Defendant pursuant to section 722.11 of the Florida Statutes.[1] *Id.* at 7-8. However, Plaintiff asserts that Defendant did not return the Berlinger Trusts' assets by November 2, 2011. *Id.* at 8.

Plaintiff argues that Defendant intentionally failed to transfer the $6,464,723.96 to the successor trustee. *Id.* at 7. Moreover, Plaintiff argues that

---

[1] Plaintiff seems to have cited an incorrect statute number. The statute "civil remedy for theft or exploitation" is section 772.11, not section 722.11, of the Florida Statutes. Fla. Stat. § 772.11.

Defendant intentionally concealed the location of the Berlinger Trusts' assets by refusing to communicate with the Office of the Trustee, the beneficiaries to the Berlinger Trusts, and their agents regarding the transfer in trust assets after Defendant was removed from its position as corporate trustee.  *Id.*  Additionally, Plaintiff alleges that the Office of the Trustee had an immediate right of possession of the Berlinger Trusts' assets and was wrongfully deprived of that right when Defendant failed to transfer the assets.  *Id.*  By failing to transfer the assets, Plaintiff argues that the Office of the Trustee could not make decisions regarding the distribution; could not make payments from the Berlinger Trusts; and could not exercise his fiduciary duty because he could not monitor the trust funds.  *Id.*

## II.    Plaintiff's Third Motion for an Order Compelling Disclosure (Doc. 120)

On October 23, 2015, Plaintiff served its First Request for Production of Documents (Doc. 120-1) to Defendant.  Doc. 120 at 1.  On December 24, 2015, Defendant served its answer to Plaintiff.  *Id.* at 2.  On February 22, 2016, the Court entered a Case Management and Scheduling Order ("CMSO").  Doc. 64.  Upon Plaintiff's motion to extend the CMSO deadlines, on July 1, 2016, the Court issued an amended CMSO setting the discovery deadline to October 3, 2016, the deadline for dispositive motions to November 2, 2016, and a trial term of March 6, 2017.  Doc. 85.  Nine months after Plaintiff received Defendant's responses to its First Request for Production and seven (7) days before the discovery deadline, Plaintiff filed this motion to compel Defendant to produce responsive documents to Plaintiff's Requests Nos. 6 and 8.  Doc. 120 at 1.

Plaintiff's Requests for Production Nos. 6 and 8 are as follows:

Request No. 6: All documents that existed in 2011 and were in possession of [Defendant] in 2011 indicating, explaining, and/or discussing [Defendant's] practices, procedures, and/or policies on transferring trust assets to a new/successor trustee.

Request No. 8: All documents regarding [Defendant's] 2011 practices, procedures, and/or policies on transferring trust assets to a new/successor trustee.

Doc. 120-2 at 5-6.   To both requests, Defendant answered:

[Defendant] objects to this request as overbroad and because it seeks documents which are irrelevant and immaterial to this claims and defenses made in this action and there not reasonably calculated to lead to the discovery of admissible evidence.[2] Specifically, [Defendant's] policies and procedures have no bearing on whether [Defendant] has any liability to Plaintiff in this matter. Moreover, [Defendant] objects to this request as overbroad to the extent that it seeks policies and procedures that are not applicable.

Furthermore, [Defendant] objects to this request because it seeks production of [Defendant's] proprietary and confidential business records, which [Defendant] should not be required to produce, if at all, absent the execution of a mutually unacceptable Confidentiality Agreement or entry of an appropriate Confidentiality Order.

*Id.*

On September 20 and 21, 2016, Plaintiff deposed Defendant's two former employees, Michael Coombe and Carolyn Hostetter, who allegedly had critical roles in closing the Berlinger Trusts' accounts.  Doc. 120 at 2, 5.  According to Plaintiff, their depositions revealed that the witnesses followed Defendant's policies and

---

[2] Effective December 1, 2015, the phrase "reasonably calculated to lead to the discovery of admissible evidence" is no longer part of Rule 26(b)(1).  "The former provision of [Rule 26(b)(1)] for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is [] deleted."  Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

procedures in closing the Berlinger Trusts' accounts in order to transfer them to the successor trustee.[3]  *Id.* at 4.

Plaintiff argues that their depositions made Defendant's policies and procedures relevant to Defendant's defense that the transfer to the successor trustee happened in a commercially reasonable time.  *Id.* at 4-5; Doc. 135 ¶ 28.  Plaintiff states that by explaining the actions Defendant's employees undertook in closing the Berlinger Trust accounts, Defendant's policies and procedures are likely to prove or disprove whether Defendant acted within a commercially reasonable time.  Doc. 120 at 6.  As a result, Plaintiff alleges that Defendant, which now is on notice of the depositions, has a duty to supplement its responses to Plaintiff's Requests Nos. 6 and 8 under Rule 26(e)(1)(a) of the Federal Rules of Civil Procedure.  *Id.* at 5.  Given Defendant's objection based on the policies and procedures' confidential and proprietary nature, Plaintiff proposes to enter into a mutually acceptable confidentiality agreement or order with Defendant.  *Id.* at 6.

Defendant objects to this motion (Doc. 120) on primarily two grounds: (1) Plaintiff waited to depose the two witnesses toward the end of the discovery period, and (2) the two witnesses' testimonies regarding Defendant's policies and procedures are irrelevant to Plaintiff's claim of civil theft.  Doc. 134 at 2.  Defendant explains

---

[3] For example, Mr. Coombe testified during the deposition that in closing an account or a trust, Defendant provided detailed checklists for him to complete and that Defendant's policies and procedures would govern which checklist to use and what process to follow.  Doc. 120 at 3; Doc. 120-3 at 6-7.  Ms. Hostetter also testified that in closing a trust account, she also completed various checklists.  Doc. 120 at 3; Doc. 120-4 at 3.  She mentioned that Defendant had various policies and procedures she had to follow during her job.  Doc. 120 at 3-4; Doc. 120-4 at 3.

that whether Defendant complied with its own policies and procedures is irrelevant to proving whether Plaintiff is entitled to damages under Section 772.11 of the Florida Statutes. *Id.* at 6. According to Defendant, a cause of action for civil theft does not involve an industry standard or a duty of care. *Id.* at 7 n.3. In fact, Defendant argues that Florida case law does not favor the use of internal policies and procedures in analyzing whether certain legal standards are met because it sets a dangerous precedent.[4]  *Id.* at 6.

Defendant also asserts that Plaintiff does not need Defendant's policies and procedures because it already has the checklists that the two witnesses referred to. *Id.* at 7. The policies and procedures the witnesses mention are not relevant in any event because the two witnesses worked on closing the trusts' accounts, not on transferring the trusts' accounts to a successor trustee. *Id.* at 7. Lastly, Defendant argues that its defense of transferring the assets within a commercially reasonable time stems from the parties' stipulation in a previous lawsuit and not from its policies and procedures.[5]  *Id.* at 7; Doc. 134-1 at 2.

---

[4]   Even though Defendant says "Florida case-law" on this point is clear, the cases to which Defendant cites were decided by courts outside of Florida.   Doc. 134 at 6.

[5]   In a lawsuit between three Berlinger plaintiffs and Defendant, the parties stipulated as follows:

> Defendant may sell trust assets from the Rosa B. Schweiker Trust for the sole purpose of covering a $16,000 payment to Bruce D. Berlinger in July 2011, with the understanding that the Rosa B. Schweiker Family Trust accounts, Frederick W. Berlinger Family Trust accounts, and Rose S. Berlinger Family Trust accounts will be transferred to SunTrust Bank of South Florida, who is the Successor Corporate Trustee for the aforementioned trusts within a commercially reasonable time.

Doc. 134-1 at 2.

Rule 33 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ. P. 34.   Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b).   Fed. R. Civ. P. 34(a).   Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).   Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action."   Fed. R. Evid. 401.   A request for production must state "with reasonable particularity each item or category of items to be inspected."   Fed. R. Civ. P. 34(b)(1)(A).   The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons."   Fed. R. Civ. P. 34(b)(2).   Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."   Fed. R. Civ. P. 34(b)(2)(C).   When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery.   Fed. R. Civ. P. 37(a)(3)(B)(iv).

In addition, if a party has responded to an interrogatory, request for production, or request for admission, it must supplement its response "in a timely

manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).   If the party does not comply with Rule 26(e), the party "is not allowed to use that information [] to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, the Court finds persuasive that Defendant's objection of irrelevancy still stands.   Doc. 134.   The scope of discovery is dictated by what is relevant to the party's claim or defense and proportional to the needs of the case, not by what a witness testifies to during a deposition.   Fed. R. Civ. P. 26(b)(1).   Plaintiff, however, does not sufficiently explain how the policies and procedures' explanation of the former employees' conduct is relevant to proving whether Defendant transferred the Berlinger Trusts' assets within a commercially reasonable time.   Doc. 120 at 6; Doc. 134 at 7.   As Defendant asserts, the witnesses participated in transferring the Berlinger Trusts' assets only in closing the trust accounts, and Plaintiff does not address how the witnesses' compliance with the policies and procedures relates to the parties' stipulation in a previous lawsuit.   Doc. 134 at 7; Doc. 134-1 at 2. Furthermore, Plaintiff already has the checklists the witnesses mentioned during the depositions.   Doc. 134 at 7.   The Court cannot overrule Defendant's objection of irrelevancy and grant Plaintiff's motion to compel absent Plaintiff's showing of a clear connection between Defendant's policies and procedures and Plaintiff's burden of

proof to establish a claim for civil theft and of its need to discover beyond Defendant's checklists,.   Docs. 120, 134.

Furthermore, a procedural remedy Plaintiff seeks based on Defendant's alleged duty under Rule 26(e)(1)(a) is incorrect.   Doc. 120 at 5.   Plaintiff seeks to compel Defendant's full response to Plaintiff's requests for production pursuant to Rule 37(a)(3)(B)(iv) based on Defendant's obligation to supplement under Rule 26(e)(1)(a).   *Id.*   As noted above, an appropriate procedural remedy based on a duty to supplement under Rule 26(e) is a motion for sanctions under Rule 37(c)(1), not a motion to compel under Rule 37(a)(3)(B)(iv).   Fed. R. Civ. P. 37(c)(1).

### III.   Plaintiff's Emergency Motion for Extension of Time to Complete Discovery (Doc. 121)

On September 26, 2016, Plaintiff filed the motion for extension seven (7) days before the discovery deadline of October 3, 2016.   Doc. 121.   Plaintiff seeks a 120-day extension of the discovery deadline to January 31, 2017 because Plaintiff's depositions of the two witnesses revealed a need to discover Defendant's policies procedures.   *Id.* at 3-4.   Plaintiff argues this extension is necessary so that (1) Defendant has sufficient time to produce its procedures and policies, (2) the parties' expert witnesses can review the responsive documents and incorporate their opinions into reports, and (3) Plaintiff can assess the responsive documents and propound relevant discovery requests.   *Id.* at 7.   The ground for the extension is now moot because the Court denies Plaintiff's motion to compel (Doc. 120).

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.   *Chrysler Int'l Corp.*

*v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).

In addition to Plaintiff's ground for extension being moot, the Court finds persuasive Defendant's argument that Plaintiff lacked diligence in meeting the discovery deadline. Doc. 134 at 4. Defendant produced its responses to Plaintiff's requests for production on December 24, 2015, and Plaintiff listed Ms. Hostetter as an individual who is likely to have discoverable information on its Revised Initial Disclosure filed on November 18, 2015. *Id.* at 3; Doc. 48. Plaintiff, however, waited toward the end of the discovery period and deposed the two witnesses on September 20 and 21, 2016, only twelve (12) days before the discovery deadline. Doc. 120 at 2. As a result, the Court denies Plaintiff's motion for extension. Doc. 121.

## IV.   Defendant's Motion for Clarification (Doc. 127)

On July 19, 2016, Plaintiff filed a motion to amend, seeking to (1) remove the Rose S. Berlinger Trust from the party descriptor, (2) change the dates and inserting a word in the complaint's Counts 28 and 29, and (3) amending the "wherefore" clause that discusses the damages. Doc. 86. Defendant expressly did not oppose Plaintiff's removal of the Rose S. Berlinger Trust, but sought to recover attorney's fees and costs under Section 772.11(1) of the Florida Statutes. Doc. 87; Doc. 127 at 1. Section 772.11(1) requires the Court to make a finding that Plaintiff's claim was without

substantial fact or legal support before awarding attorney's fees and costs.   Fla. Stat. § 772.11(1).

On September 23, 2016, the Court issued a Report and Recommendation recommending that Plaintiff's motion to amend the Complaint (Doc. 86) be granted in part and denied in part.   Doc. 119.   The Court recommended denying Defendant's request for attorney's fees and costs under Section 772.11(1) because in addressing Plaintiff's motion to amend (Doc. 86), the Court did not make a finding that Plaintiff's claim was without substantial fact or legal support.   *Id.* at 7; Doc. 127 at 2.   On October 4, 2016, Defendant filed the present motion to clarify whether the Report and Recommendation (Doc. 119) recommends denying without prejudice Defendant's request for attorney's fees and costs under Section 772.11(1).   Doc. 127.   The Report and Recommendation contains no such language that bars Defendant from raising a claim for attorney's fees and costs under Section 772.11(1) in the future.   Doc. 119 at 7; Doc. 127 at 2.   As stated in the Report and Recommendation and reiterated in the motion for clarification, the Court did not make a finding at all whether Plaintiff raised a claim without substantial fact or legal support.   Doc. 119 at 7; Doc. 127 at 2.   The Court's recommendation of denial is without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiff's Third Motion for an Order Compelling Disclosure (Doc. 120) is **DENIED**.

2.       Plaintiff's Emergency Motion for Extension of Time to Complete Discovery (Doc. 121) is **DENIED**.

3.      Defendant's Motion for Clarification regarding Report and Recommendation (D.E. # 119) (Doc. 127) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 17th day of October, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record