UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD K. INGLIS, as Special Trustee to the trust under the will of Rosa B. Schweiker, dated February 2, 1961, the Frederick W. Berlinger Revocable Deed of Trust, dated 10/17/1991, as amended and restated,

    Plaintiff,

v.                                    Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #119), filed September 23, 2016, recommending that plaintiff's Motion for Leave to Amend Caption and Complaint be granted in part and denied in part. Plaintiff filed Objections (Doc. #126) on October 3, 2016, and Wells Fargo Bank, N.A. filed an Objection (Doc. #130) "in an abundance of caution" raising the same issues raised in the Motion for Clarification Regarding Report and Recommendation (Doc. #127). Defendant did not file a response to plaintiff's Objections.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. §

636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

The Magistrate Judge found an absence of good cause shown, but nonetheless recommended granting leave to remove the Rose S. Berlinger Trust from the party descriptor. In doing so, the Magistrate Judge recommended denying defendant's motion for attorney's fees and costs because no findings were being made as to whether the claim was "without substantial fact or legal support" under Fla. Stat. § 772.11(1), only whether leave to amend should be granted. The Court also recommended granting leave to amend and clarify the Wherefore Clause regarding damages despite no good cause being shown for the amendment and because defendant made no opposition to the amendment.

As to the request to amend and insert "all of" and to change the dates in paragraphs 28 and 29 of the Complaint, the Magistrate Judge recommended denying leave to amend.  Once again, plaintiff did not show good cause for the untimely amendments, but rather simply asserted it was to correct the vagueness.  Defendant argued that it had overwhelming evidence that the trust assets were transferred by the date set forth in the Complaint, and that it would be prejudiced by the amendment.

### *Plaintiff's Objections*

Plaintiff filed objections to preserve the issue for trial, and to object to defendant's assessment of the impact on damages because plaintiff's position is that the return of property has no effect on liability.  Plaintiff does not otherwise now indicate good cause for the change.  Paragraph 27 of the Complaint unequivocally provides that defendant had until the close of business on October 27, 2011 in which to comply, which is 30 days from the date of the pre-suit notice alleged in paragraph 25 of the Complaint.  The Court finds that the typographical error by using November 2, 2011 in paragraphs 28 and 29 makes no difference to the allegations, and that there is no reason why the error could not have been discovered prior to 2 years after its filing.  The Court finds that adding "all of" changes the meaning of the paragraphs, and goes beyond clarity at this late stage of the proceedings.

After a careful and complete review of the findings and recommendations, as well as the record in this case, the Court will adopt the Report and Recommendation of the magistrate judge and overrule the objections.

### *Defendant's Objection*

Defendant filed an objection because it was uncertain if it retained the right to seek attorney's fees and costs under the civil theft statute providing that "[t]he defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.11(1).  Defendant acknowledges that no final judgment has issued in the case, and admits that the objection will be moot if clarification is provided pursuant to its Motion for Clarification Regarding Report and Recommendation (Doc. #127).  On October 17, 2016, the Magistrate Judge entered an Order (Doc. #139, pp. 10-11) clarifying that the Report and Recommendation contained no language barring defendant from raising a claim for fees and costs, and it was reiterated that no finding had been made with regard to the viability of plaintiff's claim.  In light of the clarification, the objection will be deemed moot.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objections (Doc. #126) are **overruled.**

2. Defendant's Objection (Doc. #130) is **overruled** as moot as a decision has been rendered on the Motion for Clarification (Doc. #127).

3. The Report and Recommendation (Doc. #119) is hereby **adopted** as set forth above, and as clarified by the Order (Doc. #139).

4. Plaintiff's Motion for Leave to Amend Caption and Complaint (Doc. #86) is **granted in part and denied in part**.

5. Plaintiff may file an Amended Complaint within **SEVEN (7) DAYS** of this Order removing the Rose S. Berlinger Trust from the party descriptor, and clarifying damages in the Wherefore clause only.

**DONE and ORDERED** at Fort Myers, Florida, this ___19th___ day of October, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
All Parties of Record