UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD K. INGLIS, as Special Trustee to the trust under the will of Rosa B. Schweiker, dated February 2, 1961, the Frederick W. Berlinger Revocable Deed of Trust, dated 10/17/1991, as amended and restated.

      Plaintiff,

v.                                       Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

      Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Renewed Motion for an Order Compelling Disclosure Directed at Defendant's Response to Plaintiff's Fourth Request for Production (Doc. 141) filed on October 19, 2016 and Plaintiff's Motion for Extension of Time to File Dispositive Motions (Doc. 142) filed on October 24, 2016. Defendant opposes these motions. Docs. 145, 154.

### I.  Background

On November 5, 2014, this case was removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida. Doc. 1. The case later was transferred to this Court on November 21, 2014. Doc. 13.

This case involves two family trusts: the Rosa B. Schweiker Trust and the Frederick W. Berlinger Trust (the "Berlinger Trusts").[1]  Doc. 155 at 1.  Plaintiff is the Special Trustee of the Berlinger Trusts pursuant to the Orders of the Probate Court of Collier County, Florida.  *Id.*  Plaintiff brought this action alleging civil theft pursuant to section 772.11 of the Florida Statutes.  *Id.* at 2.

According to Plaintiff, on or about August 8, 2011, the Berlinger Trusts' assets had a value of $6,464,723.96, and Defendant held the assets in trust fund accounts as part of the portfolio for the Berlinger Trusts.  *Id.* at 3.  On or about August 8, 2011, the Office of the Trustee requested that Defendant transfer the Berlinger Trusts' assets in its possession to the successor trustee.  *Id.*  The Office of the Trustee made numerous inquiries as to the location of the Berlinger Trusts' assets, but Defendant never responded to the inquiries.  *Id.* at 4.  Plaintiff states that fifty days passed with no indication that Defendant was going to transfer the Berlinger Trusts' assets.  *Id.* at 3 ¶ 19.  Once fifty days had passed, on September 27, 2011, the Office of the Trustee sent pre-suit notice to Defendant pursuant to section 722.11 of the Florida Statutes.[2]  *Id.* at 4-5.  However, Plaintiff asserts that Defendant did not return the Berlinger Trusts' assets by November 2, 2011.  *Id.* at 5.

---

[1] On July 19, 2016, Plaintiff filed a motion for leave to amend the complaint.  Doc. 86.  The Court recommended granting in part the motion, which United States District Judge John E. Steele adopted.  Docs. 119, 140.  Plaintiff's Amended Complaint is the operative complaint in this matter.  Doc. 155.

[2] Plaintiff seems to have cited an incorrect statute number.  The statute "civil remedy for theft or exploitation" is section 772.11, not section 722.11, of the Florida Statutes.  Fla. Stat. § 772.11.

Plaintiff argues that Defendant intentionally failed to transfer the $6,464,723.96 to the successor trustee. *Id.* at 4. Moreover, Plaintiff argues that Defendant intentionally concealed the location of the Berlinger Trusts' assets by refusing to communicate with the Office of the Trustee, the beneficiaries to the Berlinger Trusts, and their agents regarding the transfer in trust assets after Defendant was removed from its position as corporate trustee. *Id.* at 5-6. Additionally, Plaintiff alleges that the Office of the Trustee had an immediate right of possession of the Berlinger Trusts' assets and was wrongfully deprived of that right when Defendant failed to transfer the assets. *Id.* at 5. By failing to transfer the assets, Plaintiff argues that the Office of the Trustee could not make decisions regarding the distribution; could not make payments from the Berlinger Trusts; and could not exercise his fiduciary duty because he could not monitor the trust funds. *Id.* at 4.

## II.   Plaintiff's Renewed Motion to Compel (Doc. 141)

On August 24, 2016, Plaintiff filed a Second Motion for an Order Compelling Disclosure because Plaintiff found Defendant's response evasive and incomplete. Doc. 96 at 3-4. Plaintiff's Fourth Request for Production seeks the "complete file [of] the work done and paid for the Berlinger Trusts by Dechert LLP in 2009." Doc. 96-1 at 2. Defendant objected to this request because the documents sought are immaterial to the present case and are not calculated to lead to the discovery of admissible evidence.[3] Doc. 96-3 at 3. Nonetheless, Defendant answered that

---

[3] Effective December 1, 2015, the phrase "reasonably calculated to lead to the discovery of admissible evidence" is not part of Rule 26(b)(1). "The former provision of [Rule

"[n]otwithstanding the forgoing objections, [Defendant] has not been able to locate such a file in its possession." *Id.* The Court denied Plaintiff's motion to compel because Plaintiff did not show how Dechert LLP's ("Dechert") work in 2009 is relevant to Defendant's transfer of the Berlinger Trusts' assets in 2011. Doc. 118 at 6-7. Plaintiff objected to the Order, which Judge Steele overruled. Doc. 124. On October 19, 2016, Plaintiff filed this renewed motion, seeking the same relief as he did in his second motion to compel (Doc. 96). Doc. 141 at 1. Given the procedural posture of this motion, the Court construes this present motion to compel as a motion to reconsider the Court's Order (Doc. 118).

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly

---

26(b)(1)] for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is [] deleted." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration. *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Here, Plaintiff's argument seems to rely on newly discovered evidence. *See Sussman*, 153 F.R.D. at 694. Rather than setting forth clear law and extraordinary circumstances justifying his motion for reconsideration, however, Plaintiff presents somewhat unclear arguments as to why the Court should grant his motion. *See Mannings*, 149 F.R.D. at 235; Doc. 141.

First, Plaintiff argues that on September 30, 2016, Plaintiff deposed Defendant's expert witness, William Ries ("Ries"). Doc. 141 at 2. According to Plaintiff, Ries testified that Defendant could have entered into a non-judicial settlement agreement instead of seeking a court order and accomplished the modification of terms[4] in less time. *Id.* at 2-3. Plaintiff asserts that Plaintiff deliberately chose a slower method of seeking a court order to modify the Berlinger Trusts because of Dechert's analysis of the trusts. *Id.* at 3. Plaintiff argues that the attorney who provided legal advice to Bruce Berlinger ("Berlinger") put Berlinger in conflict with the trust provisions.[5] *Id.* Ultimately, Plaintiff argues that

---

[4] Plaintiff does not clarify what terms he refers to. Doc. 141 at 2-3.

[5] Plaintiff does not sufficiently explain not only who Bruce Berlinger is but also which attorney provided what opinion to Bruce Berlinger and what alimony and Defendant's

Dechert's work in 2009 is relevant because it shows Defendant's criminal intent necessary to prove his civil theft claim here.  *Id.*

In addition, Plaintiff asserts that he spoke with attorney Robert Freedman ("Freedman") of Dechert on October 14, 2016.  *Id.*  Plaintiff alleges that Freedman represented the Berlinger Trusts, the trusts' beneficiaries, and Plaintiff in 2008 and worked on whether certain distributions from the trusts could be made to satisfy some existing obligations.  *Id.* at 3-4.  When Plaintiff asked Freedman for a copy of the letters in the Dechert's file that Plaintiff is seeking to compel here, Freedman did not provide a copy and a reason for his non-disclosure.  *Id.* at 4.  Plaintiff argues that his conversation with Freedman shows that Defendant acted against Dechert's advice and delayed the transfer of the trusts' assets in order to benefit from tolling of the statute of limitations.  *Id.* at 4-5.  In summary, new evidence Plaintiff shows includes Ries' deposition which took place on September 30, 2016, Plaintiff's phone call with Freedman on October 14, 2016, and a series of letters and emails.  *Id.* at 2; Docs. 141-4, 141-5, 141-7.

To "introduce previously unsubmitted evidence on a motion to reconsider," Plaintiffs, as a movant for reconsideration here, bear the burden to show that "the evidence was not available during the pendency of the motion [to compel.]"  *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).  Under Rule 60(b) of the Federal Rules of Civil Procedure, which guides Plaintiff's burden of presenting new evidence,

---

payment of distributions he is referring to.  *Id.* at 3.  Plaintiff's argument seems to mix facts from this case and the District's previous case between the Berlinger family and Defendant, *Berlinger v. Wells Fargo*, No. 2:11-cv-459-JES-CM.

reconsideration is appropriate where "there is new evidence that could not have bene discovered previously with reasonable diligence." *S.E.C. v. Kirkland*, No. 6:06-cv-183-Orl-28KRS, 2008 WL 918705, at *1 (M.D. Fla. Apr. 2, 2008); see *Macleod v. Scott*, No. 3:14-cv-793-J-39MCR, 2014 WL 7005910, at *3 (M.D. Fla. Dec. 10, 2014) ("Although not specifically mentioned in the Federal Rules of Civil Procedure, a motion seeking a reconsideration of an earlier ruling is governed either by Rule 59 or Rule 60."). The court "does not abuse its discretion to deny reconsideration based on evidence that was available to the party, but the party failed to collect it or produce it." *Kirkland*, 2008 WL 918705, at *1. Here, Plaintiff does not set forth relevant legal authority or arguments to meet his burden. Doc. 141. Plaintiff should have been able to collect and present the series of letters and emails (Doc. 141-5) because the letters and emails date back to years 2008 to 2010. *See Kirkland*, 2008 WL 918705, at *1; Doc. 141-5. Furthermore, Plaintiff does not argue at all why Plaintiff could not have deposed Ries or talked with Freedman even with reasonable diligence before Plaintiff filed his motion to compel on August 24, 2016. Doc. 141; Doc. 96.

Even assuming that Plaintiff meets his burden, Plaintiff's argument as to how new evidence relates to this motion is not clear. In the motion, Plaintiff's references to exhibits, a non-judicial settlement agreement, and a court order seem to mix facts from the previous Berlinger case. Doc. 141 at 2-3. Yet, Plaintiff does not clearly explain what exactly he is referring to and why his references are relevant to this case. *Id.* Regardless, as Defendant points out, this case does not involve trust distributions to beneficiaries or the satisfaction of alimony payments. Doc. 154 at 7.

Based on the analysis above, the Court finds that Plaintiff does not set forth relevant law or clearly explain his arguments in support of his motion. Doc. 141. The Court denies Plaintiff's renewed motion to compel, construed as a motion for reconsideration.

### III. Plaintiff's Motion for Extension of Time to File Dispositive Motions (Doc. 142).

Plaintiff has filed five motions for extension in the span of two months: on September 12, 2016, September 26, 2016, October 10, 2016, October 24, 2016 and November 3, 2016. Docs. 110, 121, 131, 142, 153. The Court denied as moot Plaintiff's first motion for extension (Doc. 110) on September 23, 2016 and denied the emergency motion for extension (Doc. 121) on October 17, 2016. Docs. 118, 139. Plaintiff objected to the Court's Order (Doc. 118) entered on September 23, 2016, which objection Judge Steele overruled, and also to the Court's Order (Doc. 139) entered on October 17, 2016, on which Judge Steele has not yet ruled. Docs. 122, 124, 146.

On October 24, 2016, Plaintiff again filed a motion for extension because Plaintiff has not deposed Janice Evans ("Evans"). [6] Doc. 142 at 1-2. Evans, Defendant's employee, is on maternity leave and has no certain date of return. Doc. 145 at 4 ¶ 10. Plaintiff argues that Evans has knowledge of how Defendant transferred the trust assets after closing the trusts' accounts. Doc. 142 at 2.

---

[6] On September 13, 2016, the Court stayed Plaintiff's deposition of Evans because of her health reasons. Doc. 115. The Court ordered Defendant to produce Evans for a deposition when her medical problems are resolved or she returns from maternity leave. *Id.* at 4.

According to Plaintiff, David R. Mull ("Mull"), whom Plaintiff deposed on September 28, 2016, identified Evans as a person who handled the transfer of the trust assets after Defendant closed the trust accounts. *Id.* Plaintiff seeks to extend the deadline for dispositive motions until fourteen days after the deposition of Evans. *Id.* Defendant opposes the motion and argues that had Evans' deposition been so critical, Defendant would have produced her for a deposition anytime between 2014 and August 2016 when she left on medical leave. Doc. 145 at 4. Furthermore, Evans might return from maternity leave in January or February 2016, only a few weeks before trial in this matter. *Id.* at 5.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).

Here, Plaintiff does not show good cause. Plaintiff has been aware of Evans' importance and her knowledge of the transfer in April 2016 when Defendant served its initial disclosure to Plaintiff. Doc. 142-1 at 3-4. Defendant's initial disclosure clearly reveals that Evans, Defendant's employee, "will have information regarding the transfer of the [Berlinger Trusts'] assets from [Defendant] to ING and/or [Defendant] to SunTrust." *Id.* at 4. Plaintiff has been aware of this, as

demonstrated by his response to Defendant's motion to stay Evans' deposition (Doc. 106). Doc. 111 at 2-3. Plaintiff could have deposed her at least anytime between April and August 2016, but declined to depose her on August 23 or 24, 2016. Doc. 145 at 3. Furthermore, Plaintiff's initial disclosure on November 16, 2015 includes Mull, a witness who supposedly revealed the critical role of Evans. Doc. 44 at 2. Plaintiff, however, waited almost a year to finally depose Mull on September 28, 2016 when the discovery deadline was October 3, 2016. Docs. 85, 142-2 at 1. The Court already found that conducting depositions toward the end of the discovery period showed Plaintiff's lack of diligence in meeting the discovery deadline. Doc. 139 at 10.

Even assuming Mull's deposition recently revealed the importance of Evans' role, Plaintiff waited another month after the deposition of Mull to file this motion for extension. Docs. 142, 142-2. This unexplained gap between Mull's deposition on September 28, 2016 and this present motion for extension filed on October 24, 2016 makes Plaintiff's argument unconvincing that Mull's deposition informed the importance of Evans' role. Doc. 142 at 2. Rather, as Defendant points out, this motion appears to be one of many motions for extension that Plaintiff relentlessly has filed in the span of two months. Docs. 110, 121, 131, 142, 145 at 1, 153.

The Court reminds Plaintiff that Plaintiff should be careful in drafting and filing motions. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Carter*, 2006 WL 2620302, at \*1. (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288

(N.D. Ill. 1988)).  To contest the Court's previous orders and attempt to convince the Court to grant relief that the Court already declined to grant, Plaintiff must set forth clear legal authority, convincing arguments, and sufficient explanations of facts and references.  Instead, Plaintiff's motion for reconsideration, titled as a "renewed motion," does not address appropriate law and is not procedurally correct.  Doc. 141.  Plaintiff's motion for extension does not explain at all why Plaintiff could not have deposed Evans or Mull before September 2016 when this case has been pending since November 5, 2014.  Docs. 1, 142.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Renewed Motion for an Order Compelling Disclosure Directed at Defendant's Response to Plaintiff's Fourth Request for Production (Doc. 141), construed as a Motion for Reconsideration of the Court's Order (Doc. 118), is **DENIED**.

2.  Plaintiff's Motion for Extension of Time to File Dispositive Motions (Doc. 142) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 16th day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record