UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD K. INGLIS, as Special Trustee to the trust under the Will of Rosa B. Schweiker, dated February 2, 1961, the Frederick W. Berlinger Revocable Deed of Trust, dated 10/17/1991, as amended and restated,

    Plaintiff,

v.                               Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Objections to October 17, 2016 Order (Doc. #146) filed on October 25, 2016. Defendant filed a Response in Opposition (Doc. #157) on November 14, 2016.

On October 17, 2016, the Magistrate Judge issued an Order (Doc. #139) on plaintiff's Third Motion for an Order Compelling Disclosure, plaintiff's Emergency Motion for Extension of Time to Complete Discovery, and on defendant's Motion for Clarification. Only plaintiff's motions are at issue herein. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was

clearly erroneous or contrary to law.  See also Fed. R. Civ. P. 72.  Plaintiff's objections are addressed below.

   1. *Third Motion to Compel*

On October 23, 2015, plaintiff served its first request for production, and defendant responded to the request within 60 days. Almost a year later, plaintiff filed the motion to compel defendant to produce documents responsive to a request for production from October 2015, after plaintiff deposed defendant's former employees a little over a week before the expiration of this deadline in September 2016.  In light of the revelation at their depositions that the employees had followed policies and procedures to effectuate the closure for transfer of the accounts to the successor trustee, plaintiff argued that the policies and procedures were relevant to defendant's defense that the transfer occurred in a commercially reasonable time, and therefore defendant had a duty to supplement its response.  Defendant objected that the policies and procedures were irrelevant to the defense because the employees worked on the closure, not the transfer of the accounts, and further that the defense actually stemmed from a stipulation in the Berlinger[1] litigation.  The discovery deadline was October 3, 2016.

---

[1] See Case No. 2:11-cv-459-FtM-29CM.

The Magistrate Judge found defendant's objection of irrelevancy persuasive, and further found that plaintiff did not sufficiently explain how the policies and procedures would be relevant to proving whether the *transfer* occurred within a commercially reasonable time.  The Magistrate Judge noted that plaintiff did receive the checklists used by the employees, and also noted the proper procedural remedy based on a breach of the duty to supplement should have been by motion for sanctions.

Plaintiff essentially reiterates the arguments made in the motion to compel by including citations to the pages from the motion to show where it was argued that the policies and procedures were relevant to the element of intent on the claim for civil theft.  Plaintiff does not object however that the evaluation of these arguments by the Magistrate Judge was contrary to law or clearly erroneous, only that they were indeed made.  Whether the arguments were made is undisputed.  Rather, the Magistrate Judge rejected the arguments as insufficient.  The objection is overruled.

2. *Emergency Motion for Extension of Time*

Before the expiration of the deadline, plaintiff moved to extend discovery by 120 days based on the need to discover the policies and procedures.  The Magistrate Judge found that the motion was moot, or in the alternative, that plaintiff had failed to act with diligence in conducting discovery.

Plaintiff's objection seeks reconsideration if the objection above is sustained, which is it was not. Therefore, the objection is moot. Plaintiff goes on to say that it was not a lack of diligence, but rather a delay caused by both sides, a brief stay of discovery, and attempts to confer on a date for depositions. As the Court finds that the objection is moot because the Third Motion for an Order Compelling Disclosure remains denied, these additional arguments need not be considered.

Accordingly, it is now

**ORDERED:**

Plaintiff's Objections to October 17, 2016 Order (Doc. #146) are **overruled.**

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record