# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

RICHARD K. INGLIS, as Special
Trustee to the trust under the will of
Rosa B. Schweiker, dated February 2,
1961, the Frederick W. Berlinger
Revocable Deed of Trust, dated
10/17/1991, as amended and restated.

      Plaintiff,

v.                                  Case No:  2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

      Defendant.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Re-Open Discovery (Doc. 174) filed on January 11, 2017.   Plaintiff seeks to reopen discovery in order to depose two witnesses.   Doc. 174 at 1.   Defendant opposes the requested relief.   Doc. 177.

On November 5, 2014, this case was removed from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida.   Doc. 1.   The case later was transferred to this Court on November 21, 2014.   Doc. 13.   On February 22, 2016, Senior United States District Court Judge John E. Steele entered a Case Management and Scheduling Order ("CMSO").   Doc. 64.   On July 1, 2016, the Court issued an Amended CMSO extending the discovery deadline to October 3, 2016, the

mediation deadline to October 17, 2016, the deadline for dispositive motions to November 2, 2016, and a trial term of March 6, 2017.   Doc. 85.

Plaintiff has filed five motions to extend the CMSO deadlines in the span of two months: on September 12, 2016,[1] September 26, 2016,[2] October 10, 2016,[3] October 24, 2016,[4] and November 3, 2016.   Docs. 110, 121, 131, 142, 153.   The Court denied as moot Plaintiff's first motion to extend the discovery deadline (Doc. 110) and denied Plaintiff's two motions for extension, the emergency motion to extend the discovery deadline (Doc. 121) and the motion to extend the deadline for dispositive motions (Doc. 142).   Docs. 118, 139.   Plaintiff objected to the Court's Orders (Doc. 118, 139), which objections Judge Steele overruled.   Docs. 122, 124, 146, 163.   As a result, the parties' discovery deadline of October 3, 2016 remained intact and expired over three months ago.   Doc. 85 at 1.

After more than two years since this case's transfer to this Court and less than two months before the trial term of March 6, 2017, Plaintiff filed the present motion to reopen discovery.   Doc. 174.   Plaintiff argues that Dechert LLP ("Dechert"), which rendered services to the Berlinger Trusts in the year 2009 according to Plaintiff's previous motion (Doc. 96), also represented Defendant in a separate lawsuit between Defendant and the Berlinger Trusts.   *Id.* at 2.   According to Plaintiff, Kyle Groft's letter, attached as an exhibit to the present motion, shows that

---

[1]   Plaintiff filed a motion to extend the discovery deadline.   Doc. 110.

[2]   Plaintiff filed an emergency motion to extend the discovery deadline.   Doc. 121.

[3]   Plaintiff moved to extend the deadline for rebuttal of expert reports.   Doc. 131.

[4]   Plaintiff sought to extend the deadline for dispositive motions.   Doc. 142.

in September 2011, Defendant asked the Berlinger Trusts to make a payment for Dechert's services.   Doc. 174-3.   Plaintiff argues that Defendant's letter was an attempt to delay the transfer of assets from Defendant to the Berlinger Trusts by seeking the payment two years after Dechert rendered its services.   Doc. 174 at 2. Plaintiff claims that the letter is evidence of Defendant's criminal intent to temporarily deprive the trustee of the remaining funds in the Berlinger Trusts and permanently deprive the Berlinger Trusts of the legal fees that Defendant, not the Berlinger Trusts, owed to Dechert.   *Id.*   Plaintiff believes that the deposition of two witnesses, Kyle Groft ("Groft") and Arthur Newbold ("Newbold"), whose identity Plaintiff does not explain,[5] would help establish Defendant's criminal intent.   *Id.* at 2-3.   To investigate Defendant's criminal intent in depth, Plaintiff suggests to depose the two witnesses on the same day as the deposition of Janice Evans ("Evans").[6]   *Id.* at 2.

Defendant argues that the present motion is an attempt to avoid the Court's prior Orders, which found that Plaintiff failed to establish the relevancy of Dechert's services to Defendant in the year 2009.   Doc. 177 at 2.   According to Defendant, because the underlying Dechert's services and documents are not relevant, it is not entirely clear what Plaintiff's present motion seeks to accomplish.   *Id.* at 3.

---

[5] Defendant explains that Groft is Defendant's Trust Administrator and Newbold is Dechert's General Counsel.   Doc. 177 at 2.

[6] Evans, Defendant's employee, is on maternity leave and has no certain date of return.   Doc. 145 at 4 ¶ 10.   On September 13, 2016, the Court stayed Plaintiff's deposition of Evans because of her health reasons.   Doc. 115.   The Court ordered Defendant to produce Evans for a deposition when her medical problems are resolved or when she returns from maternity leave.   *Id.* at 4.

Instead, Defendant asserts that Plaintiff is engaged in an improper fishing expedition. *Id.* Furthermore, Defendant claims that Plaintiff's present motion shows a disregard for the Court's prior Orders and pretrial deadlines. *Id.* Lastly, Defendant argues that Plaintiff lacked diligence in conducting discovery because Defendant provided a deposition date for Groft and even offered to receive a subpoena on his behalf in August 2016. *Id.* at 5. Regardless, Defendant asserts that Plaintiff's present motion is deficient because Defendant paid for Dechert's services out of its own pocket. *Id.* at 4.

A motion to reopen discovery "on an issue that is pending before the Court at the summary judgment stage is evaluated under Federal Rule of Civil Procedure 56(f)." *Davken, Inc., v. City of Daytona Beach Shores*, No. 6:04-cv-207-Orl-19DAB, 2006 WL 1232819, at *4 (M.D. Fla. May 5, 2006). Under Rule 56(f), the court "may refuse an application for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery be had if it should appear form the affidavits of the party opposing the summary judgment that the party cannot present by affidavit facts essential to justify the party's opposition to the motion." *Id.* "Unlike a motion to reopen discovery on an issue that is pending before the Court at the summary judgment stage, a motion to reopen discovery on other issues would ultimately constitute a modification of the [CMSO] and is evaluated under Federal Rule of Civil Procedure 16(b)." *Id.*

Here, the Court will analyze the present motion under Rule 16(b) because Plaintiff does not represent that this issue is pending before the Court at the

summary judgment stage.   *See id.*; Doc. 174.   Furthermore, the parties already had completed filing their dispositive motions as well as responses to each other's dispositive motion because the parties' deadline for dispositive motions was November 2, 2016.   Docs. 85, 148, 149, 160, 162.   Plaintiff does not argue at all that he could not file an effective summary judgment motion or an effective response to Defendant's summary judgment motion because he did not depose the two witnesses. Doc. 174.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.   *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).   Rule 16 requires a showing of good cause for modification of a court's scheduling order.   Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."   *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted).   In addition, "[g]enerally, a motion for additional discovery is properly denied where a significant amount of discovery has already been obtained and further discovery would not be helpful."   *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003) (upholding the district court's ruling that further discovery would not be helpful "primarily because all of these issues could have been addressed much earlier in this litigation.").

Here, the Court finds that (1) Plaintiff's further discovery would not be helpful and (2) Plaintiff does not demonstrate good cause under Rule 16(b).   The Court's

earlier Order and the present motion show that Plaintiff was aware of Dechert's services to the Berlinger Trusts in the year 2009, and the relevant evidence dates back to the years 2008 to 2011.   Docs. 158 at 3-8, 174-3.   Although Plaintiff argues that the two witnesses do not appear on the parties' initial disclosure, as Defendant points out, Plaintiff had more than ample time and opportunities to investigate into this issue and to discover evidence at least since this case's transfer to this Court on November 21, 2014.   Docs. 13, 174 at 2, 177 at 5.   As a result, as the Eleventh Circuit held, "all of these issues could have been addressed much earlier in this litigation." *Artistic Entm't*, 331 F.3d at 1202.   Furthermore, given the length of time that this case has been pending before the Court, the parties must have conducted a significant amount of discovery and used that as the basis for their summary judgment motions.   *See id.*; Docs. 148, 149, 160, 162.

Lastly, the Court finds Plaintiff's arguments based on Evans' upcoming deposition to be without merit.   As the CMSO states, "[f]ailure to complete discovery within the time established by this order shall not constitute cause for continuance unless brought to the attention of the Court at least sixty days in advance of the beginning of the scheduled trial term."   Doc. 64 at 4.   Unlike Plaintiff's belated motion here, which Plaintiff brought less than sixty days before the scheduled trial term, Defendant moved for a protective order for Evans' deposition one month before the discovery deadline expired.   Doc. 106.   Evans' situation also involves a health emergency, which Defendant could not have anticipated when this case was transferred on November 21, 2014.   Docs. 13, 116.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion to Re-Open Discovery (Doc. 174) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of January, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record