```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

RICHARD K. INGLIS, as
Special Trustee to the trust
under the will of Rosa B.
Schweiker, dated February 2,
1961, the Frederick W.
Berlinger Revocable Deed of
Trust, dated 10/17/1991, as
amended and restated.,

  Plaintiff,

v.            Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

  Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Strike Plaintiff's Jury Demand (Doc. #136) filed on October 13, 2016. Plaintiff filed a Response in opposition (Doc. #144) on October 25, 2016. For the reasons set forth below, the motion to strike is denied.

In the First Amended Complaint, plaintiff, the special trustee of the Trusts[1], asserts a single claim for civil theft and demands a jury trial on all issues so triable in the action (Doc.

---

[1] The trust under the will of Rosa B. Schweiker, dated February 2, 1961 and the Frederick W. Berlinger Revocable Deed of Trust, dated 10/17/1991 (Doc. #125-1).

#125, ¶ 34). Specifically, plaintiff alleges that defendant, Wells Fargo Bank N.A. (defendant or Wells Fargo), a former corporate co-trustee of the Trusts, intentionally and wrongfully refrained from transferring trust assets to the successor trustee in a timely manner. Plaintiff seeks judgment against Wells Fargo for treble damages in the amount of $19,394,171.88 and reasonable attorney fees and costs. (Doc. #125, p. 7.)

Defendant asserts that plaintiff's demand for jury trial should be stricken due to the equitable nature of plaintiff's claim and the equitable relief sought. (Doc. #136.) Defendant argues that plaintiff's civil theft claim is "essentially cloaking a simple breach of fiduciary duty claim" and the damages sought are "essentially restitution." (Doc. #136, p. 2.) Plaintiff responds that this is a legal action which seeks a legal remedy therefore, plaintiff is entitled to a trial by jury. (Doc. #144.)

The basic principles are well established, and do not appear to be disputed by the parties. First, while jurisdiction is based upon diversity of citizenship and plaintiff's claim is a Florida state law cause of action, the issue of whether a party is entitled to a jury trial is a matter of federal law. Simler v. Conner, 372 U.S. 221, 221-22 (1963); In re Graham, 747 F.3d 1383, 1387 (11th Cir. 1984). Although "the substantive dimension of the claim asserted finds its source in state law" in diversity cases, "the

characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." Simler, 372 U.S. at 222.

Second, there are two possible sources of plaintiffs' right to a jury trial, a federal statute and the federal Constitution. In re Graham, 747 F.3d at 1387. Neither party relies on a federal statute, but rather upon the U.S. Constitution as the source for the right to a jury trial in this case. (Docs. #136, pp. 2-3; #144, pp. 1-3.)

Third, the Seventh Amendment to the United States Constitution preserves the right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars." Determination of entitlement to a jury trial under the Seventh Amendment is a two-step inquiry when a federal statute does not explicitly provide for a jury trial.

> To determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." The second inquiry is the more important in our analysis.

Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry, 494 U.S. 558, 565 (1990) (citing Tull v. United States, 481 U.S. 412, 417–

18 (1987)). "[T]he first inquiry is nonetheless essential because the Seventh Amendment only extends to cases in which legal rights are at stake." Stewart v. KHD Deutz of Am. Corp., 75 F.3d 1522, 1526 (11th Cir. 1996).

Defendant asserts that both prongs of the inquiry show that plaintiff is not entitled to a jury trial in this case. First, defendant asserts plaintiff's civil theft claim will only succeed if defendant breached its fiduciary duties and that disputes involving trusts are exclusively equitable in nature. Defendant is correct that generally an action for breach of a trustee's fiduciary duties would have been brought in courts of equity in eighteenth century courts of England prior to the merger of the courts of law and equity. Chauffeurs, Teamsters & Helpers Local No. 391, 494 U.S. at 567. However, plaintiff asserts a claim for civil theft, not breach of fiduciary duty. Thus, the prevailing issue in this case is whether Wells Fargo's actions rise to the level of violating Florida's criminal theft statute. See Fla. Stat. § 772.11 (providing civil remedy for theft); United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009).

The Court finds that the issue in this case – whether Wells Fargo committed civil theft by intentionally and wrongfully delaying the transfer of trust assets to the successor trustee – would not have been brought in courts of equity in eighteenth

century courts of England prior to the merger of the courts of law and equity. Therefore, the first factor weighs in favor of a jury trial.

As to the second prong, Wells Fargo argues plaintiff's civil theft claim seeks the equitable recovery of funds on behalf of the Trusts. Defendant asserts plaintiff does not seek direct money damages but rather equitable restitution for the money that was improperly withheld from the Trusts. (Doc. #136, pp. 5-6.) Plaintiff counters that he is seeking monetary relief that is punitive in nature thus, entitling him to a jury trial. (Doc. #144, pp. 3-5.)

As an initial matter, Florida courts have not been consistent in determining whether the primary purpose of damage awards under the civil theft statute are remedial or punitive.[2] Nevertheless, the Court finds that the relief sought in this case is legal in

---

[2] Florida courts have treated treble damages as both punitive and remedial. Compare Snyder v. Bell, 746 So. 2d 1096, 1098–99 (Fla. 2d DCA 1999) (holding that treble damages awarded under the civil theft statute are remedial, not punitive), review granted, 760 So. 2d 945 (Fla. 2000), review dismissed, 778 So. 2d 970 (Fla. 2001) with United Pac. Ins. Co. v. Berryhill, 620 So.2d 1077, 1079 (Fla. 5th DCA 1993) (concluding that treble damages awarded under the federal odometer fraud statute "are punitive and in the nature of fines"); Country Manors Ass'n, Inc. v. Master Antenna Sys., Inc., 534 So. 2d 1187, 1195 (Fla. 4th DCA 1988) (same with respect to treble damages under the civil theft statute); and McArthur Dairy, Inc. v. Original Kielbs, Inc., 481 So. 2d 535, 539–40 (Fla. 3d DCA 1986) (same).

nature. "[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 214 (2002).

Here, plaintiff seeks treble damages in the amount of $19,394,171.88 and reasonable attorney fees and costs. (Doc. #125, p. 7.) Plaintiff calculated this amount by alleging the Trustee suffered actual damages of $6,464,723.96 and is entitled to three time the actual damages pursuant to Florida Statute § 722.11. (Id. at 6.) The basis for plaintiff's claim is not that Wells Fargo still holds particular funds that belong to the Trusts, but that Wells Fargo failed to transfer the trust assets within the appropriate time frame and is thus, liable for treble damages.

Consequently, the monetary relief sought in this case is the imposition of personal liability for Wells Fargo's wrong doing. The United States Supreme Court has long recognized that, as a general rule, monetary relief is legal in nature, and that claims for such relief give rise to a right to trial by jury. See Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 352 (1998).

Therefore, the Court concludes that the issue raised in plaintiff's claim and the relief sought are legal in nature and therefore, plaintiff is entitled to a trial by jury.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Strike Plaintiff's Jury Demand (Doc. #136) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of February, 2017.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 7 -