UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD   K.   INGLIS,   as
Special Trustee to the trust
under  the  will  of  Rosa  B.
Schweiker, dated February 2,
1961,   the   Frederick   W.
Berlinger Revocable Deed of
Trust, dated 10/17/1991, as
amended and restated,

       Plaintiff,

v.                                         Case No: 2:14-cv-677-FtM-29CM

WELLS FARGO BANK N.A.,

       Defendant.

_____

<u>**OPINION AND ORDER**</u>

This matter comes before the Court on plaintiff's Dispositive Motion for Summary Judgment (Doc. #148) and defendant Wells Fargo Bank, N.A.'s Motion for Final Summary Judgment (Doc. #149) both filed on November 2, 2016.  The parties have filed statements of undisputed facts, responses, objections, depositions, and other exhibits in support of their respective motions.  (Docs. ##147, 150, 159, 160, 161, 162.)

Also before the Court is Plaintiff's Motion for Leave to Supplement the Summary Judgment Record or Alternatively, Motion for Leave to File Notice of Supplemental Authority (Doc. #169)

filed on January 3, 2017.  Defendant filed a Response in opposition (Doc. #173).

## I.

This case involves two family trusts: The trust under the will of Rosa B. Schweiker, dated February 2, 1961 (the Rosa Trust) and the Frederick W. Berlinger Revocable Deed of Trust, dated 10/17/1991 (the Frederick Trust) (collectively the Trusts).  (Doc. #125-1.)  Defendant Wells Fargo Bank N.A. (Wells Fargo) is a former corporate co-trustee of the Trusts.  (Doc. #125, ¶ 16.)  Plaintiff Richard K. Inglis is a state-court-appointed Special Trustee of the Trusts (the Special Trustee).  (Doc. #125-2; Doc. #150-1.)

### A. The 2011 Federal Case

On or about July 21, 2011 the beneficiaries[1] filed a lawsuit in state court in Collier County, Florida against Wells Fargo. The case was removed by Wells Fargo to the Fort Myers Division of the Middle District of Florida on August 19, 2011.  See Berlinger v. Wells Fargo Bank, N.A., Case Number 2:11-cv-00459-FTM-29CM (The 2011 Case).  The beneficiaries alleged claims of breach of trust and breach of fiduciary duties, and sought injunctive relief, against Wells Fargo as former co-trustee of the Trusts for conduct

---

[1] Stacey Sue Berlinger, Brian Bruce Berlinger, and Heather Anne Berlinger are beneficiaries to the Trusts (the beneficiaries).

occurring from December, 2007 through the end of 2008.   On November 2, 2011, the beneficiaries filed a First Amended Complaint which added a Civil Theft count against Wells Fargo.   (The 2011 case, Doc. #25.)   The beneficiaries' September 24, 2013 Second Amended Complaint (Id., Doc. #93) also included a claim for civil theft against Wells Fargo (Count III).   The civil theft claims asserted the same essential facts alleged in the current case.

On September 9, 2014, the Court granted Wells Fargo motion to dismiss the civil theft claim, finding the beneficiaries did not have standing to bring the civil theft claim and that the count failed to state a claim.   The dismissal was specifically stated to be "without prejudice."   (Id., Doc. #220.)   The Special Trustee was not a party to the 2011 case, which proceeded without a civil theft claim.   Judgment (Id., Doc. #574) was entered in favor of Wells Fargo on March 3, 2016, and the appeal remains pending.

**B.  The Current Federal Case**

On October 15, 2014, the Special Trustee filed a one-count civil theft Complaint (Doc. #1-1) against Wells Fargo in state court in Palm Beach County, Florida.   That case was removed by Wells Fargo to the United States District Court for the Southern District of Florida, which subsequently transferred it to the Middle District of Florida.   Plaintiff is now proceeding on a Corrected First Amended Complaint (the Amended Complaint) (Doc.

#155), which alleges the following in support of a single civil theft count:

On or about August 8, 2011, the Trusts' assets had a value of $6,464,723.96.  (Id. ¶ 13.)  On or about that date Wells Fargo was removed as corporate trustee of the Trusts and the "Office of Trustee" requested Wells Fargo transfer the Trusts' assets to a new trustee.  (Id. ¶ 17.)  The Office of Trustee was entitled to immediate possession of the Trusts' assets, and yet fifty (50) days passed with no transfer of the Trusts' assets.  (Id. ¶¶ 18-19.)  During the fifty (50) day period, the Office of Trustee attempted to contact Wells Fargo regarding the location of the Trusts' assets, but Wells Fargo never responded.  (Id. ¶ 22.) Wells Fargo intentionally retained and failed to transfer the Trusts' assets and intentionally concealed the location of the Trusts' assets.  (Id. ¶¶ 20-23.)   By delaying the transfer of Trusts' assets, Wells Fargo received management fees and prevented the Trustee from exercising any action within his power.  (Id. ¶ 30.)  The Office of Trustee provided a pre-suit notice pursuant to Fla. Stat. § 772.11 on September 27, 2011, but Wells Fargo failed to return the Trusts' assets by November 2, 2011.  (Id. ¶¶ 25-29.)  Wells Fargo had the felonious intent to steal the Trusts' assets by temporarily depriving the Office of Trustee of the right to and benefit of the Trusts' assets.  (Id. ¶ 30.)  The Special

Trustee seeks treble damages in the amount of $19,394,171.88 and reasonable attorney fees and costs. (Id. at p. 7.)

## II.

Before addressing the merits of the respective summary judgment motions, the Court will first consider plaintiff's Motion for Leave to Supplement the Summary Judgment Record or Alternatively, Motion for Leave to File Notice of Supplemental Authority (Doc. #169). For the reasons set forth below, the motion is denied.

The Special Trustee seeks to supplement the summary judgment record with an email from Dechert LLP and a series of emails from Kyle Groft which allegedly show Wells Fargo used money from the Trusts to pay its own legal fees. (Id. ¶ 1.) The Special Trustee asserts that Wells Fargo told the Trusts that the Trusts had to pay an $8,610.50 bill to a law firm that represented only Wells Fargo, and the Trusts did so. Plaintiff asserts that "[b]y perpetrating this fraud, Wells Fargo permanently deprived the Berlinger Trusts of $8,610.50 by theft by making the Berlinger Trusts pay for a debt it did not incur, or had an obligation to pay." (Doc. #169, ¶ 6.)

Wells Fargo responds that the record clearly establishes that the Trusts did not pay this bill, which was paid by Wells Fargo from its own assets. Wells Fargo further argues that the Court

should deny the motion because it is untimely and no excusable neglect has been shown by the Trusts.

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:  . . .  B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  Rule 6(b) confers discretion on the district court to accept untimely filings, but any post-deadline extension request must show that the failure to meet the deadline "was the result of excusable neglect."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990).  See also Farina v. Mission Inv. Trust, 615 F.2d 1068, 1076 (5th Cir. 1980)[2] ("[A]bsent an affirmative showing by the non-moving party of excusable neglect according to Rule 6(b) a court does not abuse its discretion when it refuses to accept out-of-time affidavits.").  Excusable neglect is "at bottom an equitable [principle], taking account of all relevant circumstances surrounding the party's omission."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993).  "These include

---

[2] All cases decided by the United States Court of Appeals for the Fifth Circuit before September 30, 1981 are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

... the danger of prejudice to the [non-movant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

The Special Trustee's motion does not provide sufficient factual information to establish excusable neglect. Plaintiff's motion was filed three months after the close of discovery and nearly two months after the parties' summary judgment motions were fully briefed. While plaintiff asserts the documents were just received by plaintiff on January 3, 2017 (Doc. #169 ¶ 2), Wells Fargo asserts that most had previously been provided in discovery and the Special Trustee failed to pursue the topic in depositions or to schedule a deposition with the appropriate witness.

Furthermore, the documents the Special Trustee seeks to have considered simply do not relate to the civil theft claim as alleged in the Amended Complaint. Rather than tending to demonstrate the intent of the delay in the surrender of Trusts assets, the evidence purports to establish a separate fraud scheme altogether.

Additionally, the only substantive case relied upon, Brigham v. Brigham, 934 So. 2d 544 (Fla. 3d DCA 2006), addressed a Florida statute which stated that when "the duty of the trustee and his individual interest . . . conflict in the exercise of a trust

power, the power may be exercised only by court authorization," citing Fla. Stat. § 737.403(2). (Doc. #169, ¶ 4). The Florida Legislature repealed this statute in 2008, prior to the operative events in this case. See Fla. Stat. § 737.403(2), repealed by Laws 2006, c. 2006-217, § 48, eff. July 1, 2007; Laws 2008, c. 2008-5, § 16, eff. July 1, 2008.

The Court finds plaintiff has failed to show excusable neglect to supplement the record with the particular documents at issue. Even if such excusable neglect was present, the motion would be denied because the documents do not pertain to the theory of civil theft set forth in the Amended Complaint. Further, the newly cited case law has no relevance to the allegations in this case, and relies on a statute which no longer exists. Accordingly, plaintiff's Motion for Leave to Supplement the Summary Judgment Record or Alternatively, Motion for Leave to file notice of Supplemental Authority (Doc. #169) is **DENIED**.

### III.

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to

find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983) (finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue

of material fact, then the court should not grant summary judgment." <u>Allen v. Bd. of Pub. Educ.</u>, 495 F.3d 1306, 1315 (11th Cir. 2007).

## IV.

### A. Florida Civil Theft Legal Principles

Under Florida law, a cause of action for civil theft "derives from two statutory sources: the criminal section setting forth the elements of theft, and the civil section granting private parties a cause of action for a violation of the criminal section." <u>Ames v. Provident Life and Accident Ins. Co.</u>, 942 F. Supp. 551, 560 (S.D. Fla. 1994), <u>aff'd</u>, 86 F.3d 1168 (11th Cir. 1996). The Florida civil theft legal principles were recently summarized by the Eleventh Circuit as follows:

> To establish a Florida state law claim for civil theft, a plaintiff must prove, by clear and convincing evidence, that it was injured as a result of a violation of Florida's criminal theft statute. <u>See</u> Fla. Stat. § 772.11 (providing civil remedy for theft); <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1270 (11th Cir. 2009). The plaintiff must prove that the defendant: (1) knowingly (2) obtained or used, or endeavored to obtain or use, the plaintiff's property with (3) felonious intent (4) either temporarily or permanently to (a) deprive the plaintiff of its right to or benefit from the property or (b) appropriate the property to the defendant's own use or to the use of anyone not entitled to the property. <u>United Techs. Corp.</u>, 556 F.3d at 1270; <u>see also</u> Fla. Stat. § 812.014(1) (theft statute). Felonious intent

> is the intent to deprive another of its
> property, which may be shown by circumstantial
> evidence. <u>Aspen Invs. Corp. v. Holzworth</u>, 587
> So. 2d 1374, 1376 (Fla. Dist. Ct. App. 1991).

<u>Wachovia Bank N.A. v. Tien</u>, 658 F. App'x 471, 474–75 (11th Cir. 2016). "[A] party who has the burden of proof by clear and convincing evidence must persuade the jury that his or her claim is highly probable." <u>Tambourine Comercio Internacional SA v. Solowsky</u>, 312 F. App'x 263, 275–76 (11th Cir. 2009).

### B. Material Undisputed Facts

The undisputed facts show that on August 17, 2011,[3] Wells Fargo received a letter requesting a full transfer of assets held in the Rosa Trust. (Doc. #147-4.) On August 24, 2011, Wells Fargo received a request to transfer assets from the Frederick Trust. (Doc. #147-5.) SunTrust Bank was to be the new corporate trustee for both Trusts.

Between August 25, 2011 and September 2, 2011, Wells Fargo compiled documents and completed the checklist to transfer the

---

[3] Although plaintiff's motion seeks to expand the relevant time frame to March 25, 2011, this is a material departure from the allegations contained in the Amended Complaint (Doc. #155). Despite previously seeking leave to amend his Complaint (Doc. #86), which was granted in part and denied in part (Doc. #140), plaintiff did not attempt to modify the timeline alleged in the original Complaint and may not do so now. The Court will only consider the claims of liability that plaintiff actually pled in the operative complaint. <u>See</u> <u>Wu v. Thomas</u>, 996 F.2d 271, 275 (11th Cir. 1993).

accounts and effectuate Wells Fargo's removal as trustee.  (Docs. ## 147-6, 147-7.)  The checklist completed on September 2, 2011, indicates Wells Fargo was aware of pending litigation involving the Trusts.  (Docs. ## 147-6, 147-7.)

On September 12, 2011, the Trusts were assigned to David Mull, a Trust Administrator with Wells Fargo, who stated it takes approximately two weeks for his group to complete their review. (Doc. #147-10; Doc. #161-13, pp. 2-6.)  The beneficiaries signed a Stipulation on September 13, 2011, granting Wells Fargo a commercially reasonable amount of time to transfer the remaining Trusts' assets (Doc. #147-17; the 2011 case, Doc. #10).

The beneficiaries apparently thought two weeks was a commercially reasonable amount of time.  Wells Fargo received a civil theft demand letter from the beneficiaries on September 27, 2011.  (Doc. #147-19.)  On September 29, 2011, David Mull sent an email stating Wells Fargo was being sued on a related account and that it needed "to transfer the property in this account as quickly as possible."  (Doc. #147-12.)

All of the Trusts' assets had been transferred from Wells Fargo by October 27, 2011, except for approximately $73,214.29 which required liquidation.  (Doc. #150-1 pp. 37-38; Docs. ## 150-6, 150-7, 150-8.)  During the time Wells Fargo was in the process of transferring Trusts' assets, plaintiff was aware of

communications between Wells Fargo and SunTrust regarding some issues with transferring certain assets.  (Doc. #150-1, p. 46.) After receiving the proper authorizations, Wells Fargo liquidated and transferred the remaining assets to SunTrust by November 1, 2011.  (Doc. #150-1, pp. 141, 159.)  Thus, within 75 days for the Rosa Trust and 68 days for the Frederick Trust, Wells Fargo had transferred all trust assets to the new corporate trustee.

### C. Application of Law to Undisputed Facts

As would be expected with cross-motions for summary judgment, each party asserts that the undisputed material facts justify judgment in their favor.  The Court addresses the various issues raised in the motions.

### (1)  Conversion of Property

Wells Fargo asserts that the record establishes there was no conversion of the Trusts' property, and hence there can be no civil theft established as a matter of law.  (Doc. #149, pp. 6-10.)  The Court is not convinced that the dicta in Gasparini v. Pordomingo, 972 So. 2d 1053, 1054 (Fla. 3d DCA 2008) establishes that a plaintiff must prove both the elements of conversion and the traditional elements normally stated for civil theft. [4]

---

[4] The plaintiff must prove that the defendant: (1) knowingly (2) obtained or used, or endeavored to obtain or use, the plaintiff's property with (3) felonious intent (4) either temporarily or permanently to (a) deprive the plaintiff of its

Accordingly, this basis for summary judgment by Wells Fargo is denied.

### (2)  Injury to Plaintiff

Both parties agree that plaintiff must show by clear and convincing evidence that he was injured by the civil theft in order to have a viable cause of action.  See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009)(To establish a Florida state law claim for civil theft, a plaintiff must prove, by clear and convincing evidence, that it was injured as a result of a violation of Florida's criminal theft statute.).  The parties disagree whether the record establishes plaintiff has done so.

The record clearly establishes that there are no monetary damages to plaintiff.  The entire $6.4 million-plus which constituted all the assets of the Trusts were transferred to SunTrust, the new corporate trustee, on or before November 1, 2011. The Special Trustee testified in deposition he was not aware of any pecuniary damages suffered by the plaintiff, the Trusts, or the beneficiaries.  (Doc. #150-1, pp. 65-69.)  The material undisputed facts establish that Wells Fargo's delay of 68 and 75 days in transferring the Trusts' assets to the new corporate

---

right to or benefit from the property or (b) appropriate the property to the defendant's own use or to the use of anyone not entitled to the property.  United Techs. Corp., 556 F.3d at 1270.

trustee did not cause any monetary injury to plaintiff.   Thus, there is no factual basis for the Special Trustee's request for $19 million-plus in treble damages.

The Special Trustee does assert two types of injuries which he argues was caused by Wells Fargo's delay in transferring Trusts assets:   Deprivation of the Trusts' right to bring a claim against Wells Fargo for actions undertaken in 2007, and incurring management fees to Wells Fargo during the period of delay.   The Court discusses each.

The Special Trustee argues that Wells Fargo intentionally delayed the transfer of the Trusts' assets because "of Wells Fargo's belief that, as trustee, only it could bring a cause of action against themselves for making allegedly improper distributions in late 2007, so if it waited to transfer the assets until the [four-year] statute of limitations expired in 2011, it would have a defense to its alleged wrongdoing.   This would deprive the Berlinger Trusts of a potential claim for damages."   (Doc. #148, pp. 1-2.)   The record does not support such an "injury."

The beneficiaries had already filed suit for such claims before the alleged delay by Wells Fargo.   The beneficiaries filed what became the 2011 Federal Case against Wells Fargo in July, 2011 for the conduct which occurred in late 2007 and 2008.   The delay alleged in the current Amended Complaint began on August,

17, 2011, when Wells Fargo received termination notice for the Rosa Trust.   Obviously, even if there was intentional delay, it did not cause the Trusts or the beneficiaries to lose a cause of action against Wells Fargo, since such a complaint had already been filed.   The Special Trustee concedes as much, noting that Wells Fargo was "ultimately unsuccessful" in this scheme (Doc. #148, p. 8.)   A civil theft cause of action requires an actual injury, not just an inchoate intent to injure.

Finally, plaintiff argues that injury resulted because the Trusts were permanently deprived of $41,307.80 in management fees from April 2011 to September 2011 (Doc. #148, p. 9.)   The only relevant time period is August 17, 2011 through November 1, 2011, and the amount of management fees for that time period is not identified by the parties.   In any event, the Special Trustee conceded in deposition there is no mention or claim for these management fees alleged in plaintiff's Amended Complaint.

The Court finds that the material undisputed facts in this case establish that there were no "injuries" to plaintiff caused by the conduct of Wells Fargo in the transfer of the Trusts' assets after being notified of its termination as corporate trustee. These facts establish that plaintiff is unable to prove by clear and convincing evidence that Wells Fargo caused any injury

resulting from the civil theft conduct alleged in the Amended Complaint.

### (3) Felonious Intent

The material undisputed facts establish that there was no felonious intent by Wells Fargo with regard to the alleged delay in transferring Trusts' assets upon its removal as corporate trustee. Even when the evidence is viewed from the perspective of the Special Trustee, there is no clear and convincing evidence of a felonious intent in connection with a civil theft.

Florida law provides that a trustee who is removed has, among other rights, "a reasonable time" to deliver trust property to another entitled to the property. Fla. Stat. § 736.0707(2). On September 13, 2011, the beneficiaries stipulated that Wells Fargo had a "commercially reasonable time" to transfer the Trusts' assets. The vast majority of the assets were transferred to SunTrust by October 6, 2011, and the remainder by November 1, 2011. While the Special Trustee relies heavily on the theory that Wells Fargo's delay was intended to allow the statute of limitations to expire, the undisputed facts simply do not support such a theory, as discussed earlier. No reasonable jury could find that Wells Fargo's delays were "indicative of its felonious intent to permanently deprive the plaintiff of an immediate benefit," as plaintiff argues. (Doc. #148, p. 7.) Plaintiff's assertion that

Wells Fargo only transferred the Trusts' assets "in response to the threat of litigation" is unsupported by the record.  Despite the allegations contained in the Amended Complaint, the record shows that Wells Fargo maintained communication with SunTrust during the transfers (Doc. #150-1, pp. 46, 52, 54) and Wells Fargo never tried to conceal the Trusts' assets (id. at p. 54) or use the Trusts' assets for its own purpose.  To the contrary, the record shows that Wells Fargo began the process for transferring the Trusts' assets upon receipt of the requests made on August 17, 2011 and August 24, 2011.

The undisputed material facts in the record establish that Wells Fargo did not have the necessary felonious intent with regard to the Trusts assets.  No reasonable jury could find that plaintiff has established this element by clear and convincing evidence.

### (4)  Ownership of Trust Assets

Wells Fargo argues that plaintiff was not the Trustee during the time of the alleged civil theft in 2011, and therefore was not the "owner" of the Trust assets and therefore cannot bring a civil theft claim.  Wells Fargo relies primarily on Balcor Prop. Mgmt., Inc. v. Ahronovitz, 634 So. 2d 277, 279 (Fla. 4th DCA 1994), which held that a civil theft injury "can only be established if it is shown that the victim has a legally recognized property interest in the items stolen."  This is not the same as saying plaintiff

must own the Trusts or their assets.  The Court finds that the Special Trustee has a sufficient legally recognized property in the Trusts to allow him to bring the civil theft claim.

### (5)  Statutory Pre-Suit Written Demand

Florida's civil theft statute requires that "[b]efore filing an action for damages under this section, **the person claiming injury** must make a written demand for $200 or the treble damage amount of the person liable for damages under this section."  Fla. Stat. § 772.11 (emphasis added).  Wells Fargo contends that plaintiff failed to satisfy the statutory condition precedent to bring his claim.  (Doc. #149 at pp. 13-16.)

The demand letter attached to plaintiff's Amended Complaint states it was written on behalf of the beneficiaries, not any trustee of either Trust.  (Doc. #155, pp. 35-38.)  Specifically, the letter states, "should Wells Fargo Bank comply with this demand, the *[b]eneficiaries* . . . will provide Wells Fargo with a written release from further civil liability" and "the *[b]eneficiaries* [are] seeking to recover the amount of treble damages. . . ."  (<u>Id.</u>)  In this case, it is the Special Trustee, not the beneficiaries, claiming injury on behalf of the Trusts. Assuming this fails to strictly comply with the requirement of Florida Statute § 772.11, the Court finds no prejudice to Wells Fargo from the non-compliance.  Given the procedural background

in this case, the Court concludes that this failure to strictly comply with the pre-suit notice requirement was harmless and as such, it does not entitle Wells Fargo to summary judgment on this claim.  See Deman Data Sys., LLC v. Schessel, No. 8:12-CV-2580-T-24, 2014 WL 6751195, at *23 (M.D. Fla. Dec. 1, 2014).

Viewing the facts in the light most favorable to the Special Trustee, no reasonable jury could find that plaintiff has shown by clear and convincing evidence that he suffered any injuries or that Wells Fargo acted with felonious intent.  Therefore, the Court grants summary judgment in favor of Wells Fargo and denies summary judgment to the Special Trustee.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Dispositive Motion for Summary Judgment (Doc. #148) is **DENIED.**

2.   Wells Fargo Bank, N.A.'s Motion for Final Summary Judgment (Doc. #149) is **GRANTED.**

3.   Plaintiff's Motion for Leave to Supplement the Summary Judgment Record or Alternatively, Motion for Leave to file notice of Supplemental Authority (Doc. #169) is **DENIED.**

4.   The Clerk of Court shall terminate any pending motions and objections, enter judgment accordingly in favor of Wells Fargo

Bank, N.A. and against Richard K. Inglis, as Special Trustee, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of February, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record